SAMUEL BRUSTEIN, Respondent, *v.* NEW AMSTERDAM CASUALTY COMPANY, Appellant.

(Argued November 25, 1930; decided January 6, 1931.)

*Frederick Mellor* for appellant. The construction placed upon section 109 of the Insurance Law so as to cover plaintiff's cause of action for loss of services of his wife is not justified by the language of the statute nor by the obvious intention of the Legislature in enacting it. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Price* v. *National Surety Co.*, 221 App. Div. 56; 246 N. Y. 586; *O' Tier* v. *Sell*, 252 N. Y. 400; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *Roth* v. *National Automobile Mut. Cas. Co.*, 202 App. Div. 667; *Rushing* v. *Commercial Cas. Co.*, 251 N. Y. 302; *Gerka* v. *Fidelity & Cas. Co.*, 251 N. Y. 51; *Exchange Mutual Ind. Ins. Co.* v. *Central Hudson Gas & El. Co.*, 243 N. Y. 75; *People* v. *Long Island R. R. Co.*, 194 N. Y. 130; *Johnson* v. *Hudson River R. R. Co.*, 49 N. Y. 455; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Merchants Liability Co.* v. *Smart*, 267 U. S. 126.) The defendant has paid its full liability on the policy. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Price* v. *National Surety Co.*, 221 App. Div. 56; 246 N. Y. 586; *O' Tier* v. *Sell*, 252 N. Y. 400.)

*Hamilton Ward, Attorney-General* (*C. T. Dawes* and *Charles P. Butler* of counsel), for Superintendent of Insurance of State of New York, *amicus curiæ.* The construction placed upon section 109 of the Insurance Law by the trial court and affirmed by the Appellate Division, is not justified by the language of that statute nor by the legislative intent and makes the third standard provision unconstitutional. (*Merchants Mutual Automobile Liability Ins. Co.* v. *Smart*, 267 U. S. 126.)

*Thomas A. Shaw, Jay S. Jones* and *Edward J. Fanning* for respondent. Section 109 of the Insurance Law is mandatory and requires an insurer issuing a liability policy to insure the owner against liability for damages for injuries to person. (*German Alliance Ins. Co.* v. *Hale,* 219 U. S. 307; *Merchants Liability Co.* v. *Smart,* 267 U. S. 126; *Matter of Bean* v. *Stoddard,* 207 App. Div. 276; *Adam* v. *Manhattan Life Ins. Co.,* 204 N. Y. 357; *Strauss* v. *Union Central Life Ins. Co.,* 170 N. Y. 349; *Hopkins* v. *Conn. Gen. L. Ins. Co.,* 225 N. Y. 76; *New York Life Ins. Co.* v. *Hardison,* 199 Mass. 190; *O' Tier* v. *Sell,* 252 N. Y. 400.) The loss of service of plaintiff's wife is an injury to person and the attempt of the defendant to limit its liability to bodily injuries is in conflict with section 109 of the Insurance Law. (*Psota* v. *Long Island R. R. Co.,* 246 N. Y. 388; *Price* v. *National Surety Co.,* 221 App. Div. 56; 246 N. Y. 586; *Gorlitzer* v. *Wolffberg,* 208 N. Y. 475; *Riddle* v. *McFadden,* 201 N. Y. 215.) The defendant has not paid its full liability on the policy. (*Martin* v. *Home Bank,* 160 N. Y. 190; *Muck* v. *Hitchcock,* 212 N. Y. 283; *McCann* v. *City of Albany,* 158 N. Y. 634.)

POUND, J. Section 109 of the Insurance Law (Cons. Laws, ch. 28) is entitled: " Standard Provisions for Liability Policies." It contains certain provisions which must be included in a liability policy covering loss or damage caused by motor vehicles. The first provision is the familiar standard bankruptcy clause which gives the injured person a cause of action against the insurance carrier if the insured is bankrupt or insolvent, " under the terms of the policy for the amount of the judgment * * * not exceeding the amount of the policy." The next provision relates to notice. Then comes the provision in question in this case, which reads as follows:

" No such policy shall be issued or delivered in this state on or after July first, nineteen hundred and twenty-four, to the owner of a motor vehicle, by any corporation

or other insure(r) authorized to do business in this state, unless there shall be contained within such policy a provision insuring such owner against liability for damages for death *or injuries to person or property* resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The section concludes as follows: "A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section, and when any provision in such policy or rider is in conflict with the provisions required to be contained by this section, the rights, duties and obligations of the insurer, the policyholder and the injured person shall be governed by the provisions of this section."

The action is brought by the husband of Bessie Brustein to recover $2,634, the amount of a judgment for the loss of services resulting from injuries to his wife recovered by him against Sol Pion. Previously the wife had recovered a judgment for $8,145 against Pion for personal injuries sustained by her in an automobile accident. Pion was insured with defendant against such liability and was insolvent. The company paid her $5,000 and costs, which it claims fully discharges its liability under the policy. The policy insured against loss in respect to "*bodily injuries* or death" only. The liability was limited to $5,000 for one person injured or killed and to a total liability of $10,000 on account of any one accident resulting in *bodily injuries* or death to more than one person.

In *Psota* v. *L. I. R. R. Co.* (246 N. Y. 388, 396) it was held that the words " injuries to the person " as used in section 282-b of the Highway Law included the husband's loss of services of the wife. In *Price* v. *National Surety Co.* (221 App. Div. 56; revd., on dissenting opinion of PROSKAUER, J., 246 N. Y. 586) it was held that no dis-

tinction in this regard can be drawn between the words "injury to person" and "personal injury." The policy in suit covers accidents resulting in "*bodily injuries* or death." The language limits the coverage to such injuries only and does not include all injuries to person or personal injuries as the term is defined by General Construction Law (Cons. Laws, ch. 22), section 37-a. Obviously the husband receives no "bodily injury" from the loss of his wife's services; nor is his wife his property so that an injury to her person is an injury to his property.

The courts below have held that the policy is inconsistent with the requirements of section 109 above quoted and that it must be deemed by operation of law to include a provision insuring the owner against liability for death or injuries to person or property, without limitation or qualification, and so to cover plaintiff's cause of action for injuries to person as above defined. We find no warrant in the statute or in its history for such a conclusion. While the courts hesitate to depart from the letter of a statute, a construction may be adopted in harmony with what is thought to be the spirit and purpose of the act in order to give effect to the evident legislative intent. (*Church of the Holy Trinity* v. *United States*, 143 U. S. 457.) In this case the unreasonableness of the construction contended for is so gross as to shock the general common sense. (*Crooks* v. *Harrelson*, 282 U. S. 55.) Only when policies are capable with equal reason of more than one interpretation are they construed against the insurer. The fair and reasonable reading will always be preferred. (*Aldrich* v. *N. Y. Life Ins. Co.*, 235 N. Y. 214, 224.)

The standard provisions provided for in section 109 are three in number and are aimed at separate recognized evils. The standard bankruptcy provision gives the injured person a remedy over against the insurance company when the judgment against the insured is uncollectible by reason of bankruptcy or insolvency. (*Merchants*

*Mutual Automobile Liability Ins. Co.* v. *Smart*, 267 U. S. 126.) It puts an end to the rule that a contract of liability insurance is to be regarded as one of indemnity only. The second provides a standard rule as to the time and manner of notice to the insurer instead of leaving such matters to be covered by the individual contract. The third is an " additional interest " clause aimed to protect the public against the operation of a car by others than the owner, provided they have the owner's consent, express or implied. The primary purpose of this requirement is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent express or implied. (*Van Blaricom* v. *Dodgson*, 220 N. Y. 111; cf. Vehicle & Traffic Law; Cons. Laws, ch. 71, § 59.)

Compulsory insurance is not provided for by the laws of the State. Indemnity bonds or insurance policies are required of the operators of motor vehicles for hire in certain cases. (Vehicle & Traffic Law, § 17.) Aside from this provision, the owner of an automobile may elect whether to carry any insurance, and, if he elects to insure he may determine the amount and coverage thereof. To select this one class of liability and to say that here alone the insured is required to cover in a single policy liability for death, injuries to person and injuries to property is to attribute to the Legislature a capricious and unreasonable act, not to be comprehended as within the legislative intention and possibly without the legislative power. (*Merchants Mutual Automobile Liability Ins. Co.* v. *Smart, supra.*) To say that the owner may go uninsured entirely; that if he takes out insurance it may be limited as to coverage and amount in all cases except where the car is legally used or operated by a person with his permission is not to regulate the affairs of insurance companies " to prevent them from committing wrongs or

injustice in the exercise of their corporate functions." The wrong or injustice aimed at by section 109 is the defense of non-liability on the grounds above stated, not the limitation of coverage and amount. The companies do no wrong or injustice in writing policies of insurance of limited amount and coverage like the one in suit. Such is the common practice. A wrong is done to them if the terms of their policies are thus enlarged by legal construction. The construction given to the clause by the courts below would amount to this: An insured owner, operating his car, whether personally or by agent, may limit the coverage of his insurance to injury to person or to property, or to bodily injuries or death. When he allows another to operate it, while he need not insure, if he does insure, the policy, however written, must be read as if it covered death, injuries to person and injuries to property. In the absence of a direct legislative mandate that the owner of a car must insure against all such injuries, a reasonable construction of the provision in question is that the policy must be read as if it contained an extended liability clause, but that it may be limited in amount and coverage as the parties may agree.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgment reversed, etc.