EDNA LOUISE FLOYD and Another, Respondents, v. CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, Appellant.

Second Department, December 19, 1932.

*Morton L. Panken* [*A. Bertram Samuels* and *Edward A. Harmon* with him on the brief], for the appellant.

*John Ambrose Goodwin* [*Leonard Battipaglia* with him on the brief], for the respondents.

KAPPER, J.  Plaintiffs are wife and husband, and in an action brought against the Court Taxi Service, Inc., for damages for personal injuries sustained by the wife in the negligent operation of a taxicab owned by said defendant the wife recovered a judgment in the sum of $2,632.55, and the husband a judgment for $1,066.05. The present action seeks a recovery of said judgments against the present defendant, appellant, which, on December 30, 1930, had issued its policy of automobile liability insurance, insuring the Court Taxi Service, Inc., against loss from the liability imposed by law upon said assured for damages resulting from the negligent operation, maintenance and use of any of its motor vehicles.  The Court Taxi Service, Inc., has not paid said judgments or any part thereof, and executions against it had been returned wholly unsatisfied. The answer in the present action denies that the policy was " in full force and effect " on the date of the accident, and in two separate defenses it alleges (1) that the motor vehicle in question was not being operated at the time by a licensed chauffeur, and (2) that liability is disclaimed for damages recovered by the husband for loss of services.

Claiming that the defendant is without a valid defense to the present suit, the plaintiffs moved for summary judgment, which was granted by the order appealed from.  The affidavit in opposition to the motion for summary judgment specifies as the only basis for a trial the above two grounds of defense contained in the answer.

The first of the two defenses of the appellant is based upon the language of the first paragraph of the policy, which agrees to indemnify the assured " from the liability and responsibility imposed by law on the Assured, as owner, for death or injuries to person or property resulting from negligence in the operation of such motor

vehicles or any of them in the business of such owner or otherwise by a person legally using or operating the same with the permission, express or implied, of such Assured." The opposing affidavit specifically states that it is with respect to the said quoted provision that the defendant asserts its non-liability; and the argument is that an unlicensed chauffeur is not a person "legally" operating. It is not contended that the unlicensed chauffeur was operating the vehicle without the permission, express or implied, of the assured. That the Court Taxi Service, Inc., was liable for the negligence of the operator of its vehicle, whether he had a license or not, is not gainsaid. The provision of section 59 of the Vehicle and Traffic Law renders every owner of a motor vehicle operated upon a public highway liable for the negligence of the operator who is "legally using or operating the same [the vehicle] with the permission, express or implied, of such owner." Of course, an owner who has consented to the operation of his taxicab by an unlicensed chauffeur could not escape liability under this section. Does the fact that the chauffeur had no operator's license at the time void the policy? This policy, besides the agreement to indemnify, as above pointed out, contains the provision that, among other paragraphs, paragraph 12 "shall apply between the Corporation and the Assured but shall not prejudice the right of any person other than the Assured to recover hereunder." Paragraph 12, which is thus eliminated in so far as concerns the person injured by the negligent operation, provides:

"12. The Assured shall not permit any motor vehicle covered by this policy to be operated by any person who is under the age fixed by law, or under the age of sixteen in any event or who for any reason is not permitted by the laws of the State of New York to operate or drive motor vehicles."

The question, then, is whether the specific exemption given by the last quoted paragraph, in so far as concerns the operation by one "not permitted by the laws of the State of New York," is paramount to the agreement of indemnification where a motor vehicle is being "legally" operated with the permission of the assured. The learned Special Term justice read these two provisions together and held that "If Clause 1 is a defense, Clause 12 is meaningless." I think the construction is correct.

Paragraph 12 directs the assured not to permit the operation of its motor vehicle by one whom the laws of the State of New York forbid to operate, and in this case, as expressly pointed out by the defendant, by an unlicensed chauffeur; and preceding that clause we have the positive provision that paragraph 12 shall apply only between the insurer and the assured and is not to "prejudice the right of any person other than the Assured to recover hereunder."

While as between the insurer and the assured the operation of a motor vehicle by an unlicensed chauffeur is forbidden, the rights of a person injured by such operator remain unaffected. As already indicated, the indemnity clause of the policy, above quoted, shows that the wording is the same as the provision contained in section 59 of the Vehicle and Traffic Law, and thus the statutory words, " any person legally using or operating the same," have been carried into the policy.

Certainly, this section of the Vehicle and Traffic Law cannot be said to relieve an owner from liability if he resorted to the practice of permitting unlicensed drivers to operate his motor vehicles. This would merely aggravate his own negligence in the event of recovery for damages based upon the negligent operation of the taxicab. If, with the owner's permission, the driver *illegally* used or operated the automobile, the owner would be *particeps criminis*, and there could be no question about his liability for negligence if the driver were negligent.

The obligation which the statute (§ 59, *supra*) places upon one who seeks recovery against an owner for the negligent operation of his automobile by a third person is twofold: *First*, that such person was operating the automobile with the owner's consent, express or implied; and, *second*, that such person was " legally using or operating the same." The word " legally " would be superfluous if the Legislature did not have in mind a restriction upon the liability of the owner so that even though giving his consent to a third person to operate the automobile the former's liability would obtain so long as the operator confined his use of the motor vehicle, even if beyond the express limits for which permission to use the car was given, at least within the purposes and scope circumscribed by law. If, however, the operator flouted the owner's permission to the extent of using the car for *illegal* purposes, such as robbery or the transportation of prohibited alcoholic beverages, such a conversion would undo the permission or consent to use the car which was originally given.

At any rate, the source of the language in the policy had nothing to do with the limitation of the scope of an insurer, and the word " legally " as therein expressed was not, in my opinion, intended to relate to an unlicensed driver, as the appellant here contends. The policy, to give it the best construction from the standpoint of the appellant, is ambiguous, and inasmuch as the record here shows that the policy was prepared by the appellant, it must be construed against it. (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51, 55.)

The further contention of the appellant relates to the judgment recovered by the husband for loss of services. The appellant says that its policy does not cover such a loss, but is limited to cases of " death or bodily injuries," and that such a loss as the husband sustained is not a " bodily " injury to which the policy attaches. The policy may not be so read. While it does agree to indemnify the assured against loss, etc., " on account of death or bodily injuries," it goes further by reading " and *including* loss arising from the liability and responsibility imposed by law on the Assured, as owner, for death or *injuries to person* or property resulting from negligence in the operation of such motor vehicles or any of them." If the policy had agreed to indemnify for " bodily injuries " only, the appellant would be correct in disclaiming liability for the husband's loss (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137), but the broader language here, which includes loss for " injuries to person," and which compulsorily applies to the policy in question issued pursuant to section 17 of the Vehicle and Traffic Law (applicable to indemnity bonds or policies for the operation of taxicabs), renders it clear that the loss in question was covered by the policy. It is settled law that the words " injuries to person " include a husband's loss of services of the wife. That ruling obtained under the language of section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd.; now Vehicle and Traffic Law, § 17). (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 396.) And in *Price* v. *National Surety Co.* (246 N. Y. 586, reversing, on dissenting opinion below, 221 App. Div. 56, 59) it was held that where an insurance policy indemnifies " for death or for injury to persons or property " caused in the operation of a motor vehicle, this indemnification includes an action for damages for loss of services of the person directly injured. These cases are cited as existing law in *Brustein* v. *New Amsterdam Casualty Co.* (*supra*).

The order granting summary judgment and the judgment entered thereon should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and DAVIS, JJ.

Order granting summary judgment and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements.