JOSEPH LAVINE, as Administrator of the Estate of HENRY J. LAVINE, Deceased, Respondent, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

400

(Argued October 28, 1932; decided January 10, 1933.)

*Charles B. Sullivan* and *John J. Connors, Jr.,* for appellant. Section 109 of the Insurance Law cannot operate to extend the coverage accorded by the policy. (*Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y. 271; *Roth* v. *National Automobile Ins. Co.,* 202 App. Div. 667; *Geitner* v. *U. S. F. & G. Co.,* 251 N. Y. 205; *Brustein* v. *New Amsterdam Casualty Co.,* 255 N. Y. 137; *Aldrich* v. *N. Y. Life Ins. Co.,* 235 N. Y. 214.) Plaintiff had the burden of establishing that the accident came within the indemnity coverage of defendant's policy. This burden was not shifted by defendant's alleging in substance in its answer that the accident did not come within the coverage of the policy. (*O'Connell* v. *New Jersey Fidelity & Plate Glass Ins. Co.,* 201 App. Div. 117; *Tolmie* v. *Fidelity & Casualty Co.,* 95 App. Div. 352; 183 N. Y. 581; *Shawmut Coal & C. Co.* v. *American Credit Indemnity Co.,* 232 N. Y. 29; *Whitlock* v. *Fidelity & Casualty Co.,* 149 N. Y. 45; *Farmers Loan & Trust Co.* v. *Siefke,* 144 N. Y. 354; *Claflin* v. *Meyer,* 75 N. Y. 260; *Caldwell* v. *N. J. Steamboat Co.,* 47 N. Y. 282; *Lamb* v. *Camden & Amboy R. R. & Transp. Co.,* 46 N. Y. 271; *Travelers Ins. Co.* v. *McConkey,* 127 U. S. 667.) Defendant was not estopped from disclaiming liability as to the person to whom the policy was issued, and there is no estoppel available to plaintiff in the action. (*Gerka* v. *Fidelity & Casualty Co.,* 251 N. Y. 51; *Seltzer* v. *Indemnity Ins. Co.,* 252 N. Y. 330; *Weatherwax* v. *Royal Indemnity Co.,* 250 N. Y. 281.)

*Harry M. Schaffer* for respondent. The defendant's insurance policy covered the legal liability of its assured

for the death of the plaintiff's intestate. (*Marshal* v. *Commercial Travelers Assn.*, 170 N. Y. 434; *Michel* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25; *Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.)   The burden of proving the affirmative defense pleaded in the answer was upon the defendant.   (*Lilly* v. *Preferred Acc. Ins. Co.*, 41 Misc. Rep. 8; *Tolmie* v. *Fidelity & Casualty Co.*, 95 App. Div. 352; 183 N. Y. 581; *Williams* v. *United States Assn.*, 82 Hun, 268; 147 N. Y. 693; *O'Connor* v. *N. J. Fidelity Ins. Co.*, 201 App. Div. 119; 235 N. Y. 583; *Parry* v. *Maryland Casualty Co.*, 228 App. Div. 393.)   No valid ground existed for disclaiming liability under the policy.   In any event, defendant by its own acts and conduct waived the right, if any, to disclaim liability.   (*Sachs* v. *Maryland Casualty Co.*, 170 App. Div. 494; *Farrel* v. *Merchants' Mutual Automobile Liability Co.*, 203 App. Div. 118; *Glens Falls Cement Co.* v. *Travelers Ins. Co.*, 162 N. Y. 399; *Commercial Casualty & Ins. Co.* v. *Fruin-Colnon Contracting Co.*, 32 Fed. Rep. [2d] 432; *Rosenblum* v. *Maryland Casualty Co.*, 153 App. Div. 23; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Hermanence* v. *Globe Indemnity Co.*, 221 App. Div. 394; *Black Co.* v. *London Guarantee & Acc. Co.*, 190 App. Div. 218; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455.)

HUBBS, J.   This is an action brought pursuant to section 109 of the Insurance Law (Cons. Laws, ch. 28) to collect, under an automobile garage public liability and property damage policy issued by the defendant, the amount of a judgment for damages recovered by the plaintiff against Adolf C. Englert on account of the death of the plaintiff's intestate in an automobile accident.   An execution against Englert has been returned unsatisfied. The complaint alleges that the death of plaintiff's intestate was caused by a Studebaker automobile which was being operated by the agent, servant or employee and upon the business of Englert and with his consent and approval.

It does not allege that Englert was the owner of the automobile or that he maintained it.

The answer contains a denial and a separate defense in which it is alleged that the automobile in question was not owned by Englert. The policy of insurance stood in the name of Adolf C. Englert, doing business as auto exchange. It contained the following indemnity agreement:

"Indemnity Insurance Company of North America, Philadelphia, A Stock Company (Hereinafter called the Company) Hereby agrees with the Assured Named in the Declarations attached hereto and hereby made a part hereof, as respects bodily injuries or property damage accidentally suffered or alleged to have been suffered during the term of this Policy, by any person or persons not employed by the Assured, including death resulting at any time from such injuries, as follows:

"To indemnify the Assured against loss from the liability imposed by law upon the Assured for such injuries resulting from (a) the maintenance and operation of an automobile sales agency, garage or station, including repair shops; or (b) the ownership or maintenance or use of any automobile for any purpose usual to the Assured's operations as described in the Declarations including private pleasure use;"

Also the following conditions: "B. It is understood and agreed that this Policy shall cover the personal liability of the owner, any co-partner, or if a corporation, of the president, vice-president, secretary or treasurer of the named Assured, in connection with the use for private personal purposes, of any automobile or automobiles owned by the named Assured, provided, however, that the name of such owner, co-partner, president, vice-president, secretary or treasurer be stated in an endorsement attached to this policy, and further, that the salaries of such named persons be included in the remuneration upon which the premium for this Policy is based and a premium paid to the Company thereon.

" C. This Policy shall cover such injuries or damage so sustained while at the locations described in the Declarations or upon the premises or ways immediately adjacent thereto, and such injuries so sustained by reason of any automobile while being operated or used within the limits of the United States of America or the Dominion of Canada. It shall also cover such injuries so sustained elsewhere, caused by employees of the Assured sent from the locations described herein and whose duties require their presence elsewhere while in the service of the Assured in connection with the business operation described herein."

In the declarations referred to in the indemnity agreement the address of the assured is given as 225 North Allen street, Albany, New York, his business as auto sales and its location as 225 North Allen street, Albany, New York.

The record indicates that Englert, the assured, at the time of the accident was operating an auto sales business in Albany at the address stated and also an auto sales business at 300 Schenectady street, Schenectady, New York; that one Swieskowski, an employee of Englert, was sent out from the Schenectady office to obtain cars; that Lavine, plaintiff's intestate, was riding with Swieskowski; that the automobile in which they were riding left the highway while attempting to pass a truck and that Lavine was killed.

It is the contention of the defendant that the policy covered insured's operations in connection with the Albany sales room and did not cover his operations in connection with the Schenectady sales room. It further contends that while the policy under clause (b) of the indemnity paragraph above quoted would cover the use of an automobile for private pleasure use, it does not cover an automobile used in connection with the assured's operations in business other than in connection with the Albany sales room.

The plaintiff contends that under paragraph C of the

conditions above quoted, the policy covers as to injuries sustained by reason of any automobile while being operated or used within the limits of the United States and that clause C of the conditions is not limited by the reference in the indemnity clause above quoted to the declarations describing the business and location covered.

The plaintiff further contends that the provisions in section 109 of the Insurance Law, to the effect that no policy shall be issued to the owner of a motor vehicle unless there shall be contained within such policy a provision insuring such owner against liability for damages and death or injuries to persons or property resulting from negligence in the operation of such motor vehicle in the business of such owner or otherwise by any person legally using or operating the same with the permission, express or implied, of such owner, must be read into the policy under consideration.

At the trial the judgment roll in the action brought by the plaintiff as administrator against Englert and the driver of the truck was received in evidence. There was also introduced in evidence the notice of accident given by Englert to the defendant. In that notice the name of the person operating the automobile is given as either Lavine or Swieskowski. There is also testimony to the effect that Swieskowski was reported as being the one who was driving the automobile at the time of the accident. No further evidence was introduced relative to the happening of the accident or as to who was driving the car, although the notice of accident contained the statement that Swieskowski was employed by Englert.

Upon this state of proof the trial court found: " That on or about April 30, 1929, a certain Studebaker automobile *owned* by Adolf Englert and while being operated by Henry Swieskowski on the New York State highway between the village of Coxsackie, N. Y., and Catskill, N. Y., was in an accident and as a result of which the plaintiff's intestate, Henry J. Lavine received injuries which caused his death."

The defendant excepted to so much of that finding as finds that the Studebaker automobile therein referred to was *owned* by Adolf Englert. There are additional findings to the effect that the policy of insurance covered the legal liability of Englert, the assured, for the judgment recovered against him by the plaintiff in the prior action, and that, by operation of law, the coverage provided for in section 109 of the Insurance Law is deemed to be contained in the policy of insurance herein with the same force and effect as if recited in the policy itself.

As a conclusion of law, the trial court found that the insurance company, having pleaded that the Studebaker automobile was not being used when the accident occurred in connection with the assured's Albany place of business, and that the loss was not within the coverage of the policy, the burden of proof thereof was upon the defendant, and further that the defendant failed in its burden of proving said defense.

In those conclusions we think the trial court was in error. There was an issue of fact as to whether the automobile was being operated by the agent, servant or employee and upon the business of the said Adolf Englert and with his consent and approval. While the finding that the automobile was being operated by Swieskowski was not excepted to and the notice of accident contains the bare statement that Swieskowski was employed by Englert, the facts required to bring the case within section 109 of the Insurance Law as to the operation of the automobile by any person legally using or operating the same with the permission, express or implied, of the owner are not established. The finding of ownership is specifically excepted to and there is no proof to be found in the record that Englert was the owner of the automobile which caused the injuries as the result of which Lavine died.

The notice of the accident is not proof of the facts therein stated. In this situation of the record, this

judgment cannot stand. While the policy in question must be read as if it contained the extended liability clause provided for under section 109 of the Insurance Law, it must be deemed limited in amount and coverage as set forth in the contract agreement. The primary purpose of the extended liability clause contained in section 109 is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent, express or implied. The purpose is not to make insurance compulsory or to prevent limitation of coverage. (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137.)

The policy under consideration must be held limited in coverage to the agreement of the parties as expressed therein. From an examination of the policy and the declarations attached thereto, it is apparent that the policy was intended to cover the ownership or maintenance or use of any automobile for any purpose usual to the assured's operations in the business of auto sales at 225 North Allen street, Albany, New York, including private pleasure use. The premium is based upon the payroll for that particular business. If the evidence upon a new trial establishes that the car was actually owned by Englert or under his control, and was being driven by a person with the permission, express or implied, of Englert, either upon his business in connection with the Albany sales office, or for private pleasure use, the policy covers.

It is contended by plaintiff that as Englert's salary was included in the remuneration upon which the premium on the policy was based, the policy would cover if the automobile was owned by him and was being used at the time for his private personal purposes even if used in connection with the Schenectady sales office, as that was a private enterprise and the owner an individual.

That contention is based on paragraph B of the con-

ditions contained in the policy above quoted. The argument is based upon the assumption that the Schenectady business was a "private personal purpose" within the meaning of paragraph B of the conditions and upon the further assumption that the automobile was owned by Englert. As to that contention we express no opinion as the question is not involved in the case, there being no evidence that Englert was the owner of the automobile.

It is further contended by the plaintiff that the defendant is liable regardless of the ownership of the automobile under paragraph C of the conditions contained in the policy above quoted. Paragraph C of the conditions contains the words: "This policy shall cover  *  *  * such injuries so sustained by reason of any automobile while being operated or used within the limits of the United States."

Clause C is a condition of the agreement. The agreement is the indemnity agreement. The words "such injuries" contained in the indemnity agreement refer to the bodily injuries suffered by any person not employed by the insured at any time from the ownership or maintenance by the assured of any automobile for any purpose usual to the assured's operations as described in the declarations including private pleasure use.

When thus read, we find the limitation intended by the parties to be to injuries resulting from the use of an automobile in connection with the sales business conducted by the assured at Albany. To hold otherwise would be to permit an assured to take out a policy such as this, the premium for which would be based upon the payroll for a particular business and to extend the coverage contracted for, possibly without knowledge on the part of the insurance company, to any number of similar businesses thereafter acquired regardless of location. To give to the words of paragraph C above quoted the effect claimed for them by the respondent would be an entirely unreasonable construction not justified in view

of the other provisions of the policy. Without the inclusion of the word "such" and the words "so sustained" in condition C, the company would be liable for injuries sustained by reason of any automobile regardless of the assured's lack of ownership or control thereof or its use without his permission express or implied.

If the facts proved upon a new trial do not bring the case within the coverage provided by the indemnity agreement above quoted, or within paragraph B of the conditions above quoted, the injuries sustained, if arising out of the business conducted at the Schenectady sales office, do not fall within the coverage of the policy for the reason that the indemnity clause and also paragraph C of the conditions refer to the assured's operations as described in the declarations and which are clearly limited to those of an auto sales business conducted at 225 North Allen street, Albany, New York.

We conclude without reference to any question of liability under paragraph B of the conditions that there may be a recovery upon a new trial if it is established, *first*, that Englert was the owner of the car and it was being used with his consent as provided by section 109 of the Insurance Law "for any purpose usual to the assured's operations" in the auto sales business located at 225 North Allen street, Albany, New York (*Brustein* v. *New Amsterdam Casualty Co., supra*) or, *second*, that, being under his control although not owned by him, it was being used with his consent for a purpose usual to his business at No. 225 North Allen street, or, *third*, if either owned or controlled by him it was being used with his permission for his private pleasure.

We are unable to agree with the conclusion reached by the Trial Term that the defendant by its conduct had waived the defense now insisted upon and estopped itself from urging such defense. The defendant's conduct did not, in any way, prejudice the plaintiff. (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.)

The burden of proof rested upon the plaintiff to establish that the policy covered. That burden was not shifted to the defendant, because of an affirmative allegation in the answer to the effect that the policy did not insure against the accident in question. The denials in the answer raised an issue as to whether the accident came within the indemnity coverage provided in the policy. That was the issue, and not whether liability did not exist under the policy because the accident fell under some provision of the policy relieving the defendant from liability.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to the appellant to abide the event.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.