George M. Bakker, an Infant, by Simon Bakker, His Guardian ad Litem, et al., Respondents, *v.* Ætna Life Insurance Company of Hartford, Connecticut, Appellant.

(Argued March 19, 1934; decided April 17, 1934.)

Daniel Miner and James B. Henney for appellant. The endorsement on defendant's policy was not forbidden by section 109 of the Insurance Law (Cons. Laws, ch. 28). (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399; *Hopkins* v. *Connecticut General Life Ins. Co.*, 225 N. Y. 76; *Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449; *Dileo* v. *Eagle Indemnity Co.*, 263 N. Y. 646.)

Leo Levy for respondents. Section 109 of the Insurance Law expressly prohibits the evasion of liability sought to be accomplished by the defendant. (*Weinberg & Holman, Inc.*, v. *Providence Washington Ins. Co.*, 254 N. Y. 387; *Elco Shoe Mfgrs.* v. *Sisk*, 260 N. Y. 100; *Coutts* v. *Kraft &' Bros. Co.*, 119 Misc. Rep. 260; *General Investment Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794; *German Alliance Ins. Co.* v. *Hale*, 219 U. S. 307; *Matter of Bean* v. *Stoddard*, 207 App. Div. 276; *Atkins* v. *Hertz Drivurself Stations, Inc.*, 261 N. Y. 353; *Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399; *Hopkins* v. *Connecticut General Life Ins. Co.*, 225 N. Y. 76; *Merchants Mut. Automobile Liability Ins. Co.* v. *Smart*, 267 U. S. 126; *Kocak* v. *Metropolitan Life Ins. Co.*, 144 Misc. Rep. 422.)

POUND, Ch. J. I agree with Judge O'BRIEN that owners of private motor vehicles are free to remain uninsured and that the contract of insurance may restrict its coverage as to time and place and use and as to injuries covered.

However, the owner did not go uninsured. A liability policy was issued and delivered, not limited as above indicated, but limited as to liability. Section 109 of the

Insurance Law (Cons. Laws, ch. 28) provides: "No such policy shall be issued or delivered in this state on or after July first, nineteen hundred and twenty-four, to the owner of a motor vehicle, by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.

"A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section, and when any provision in such policy or rider is in conflict with the provisions required to be contained by this section, the rights, duties and obligations of the insurer; the policyholder and the injured person shall be governed by the provisions of this section."

The car was driven at the time of the accident with the consent of the owner. "The rights, duties and obligations of the insured, the policyholder and the injured person shall be governed by the provisions of this section."

As we said in *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137, 142): "The third is an 'additional interest' clause aimed to protect the public against the operation of a car by others than the owner, provided they have the owner's consent, express or implied. The primary purpose of this requirement is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent express or implied."

The policy attempts to nullify the "additional interest" clause as above quoted. When the owner takes out a

liability policy, no matter how limited as to coverage, the provisions of section 109 are a part of the contract.

The judgment should be affirmed, with costs.

CRANE, J. (concurring). The Insurance Law, in section 109, among other things provides as follows, with reference to policies of insurance against loss or damage resulting from an accident caused by an automobile: "No such policy shall be issued or delivered in this state on or after July first, nineteen hundred and twenty-four, to the owner of a motor vehicle, by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

This law is mandatory, and any insurance company which issues a policy without this provision violates the law. Should the provision be omitted, the courts will read into the policy this provision in order to give effect to this salutary regulation. When the contract of insurance is made and the policy is issued it is made in contemplation of this law, which immediately becomes part of it. If this be not so the door is open for fraud, subterfuge and deception. The insurance company may refuse the risk, refuse to issue its policy, but, once having done so, section 109 attaches to it, and the mere failure to recite this provision in the policy will not obviate its effect. If this be so it stands to reason that no agreement between the insurance company and the insured can modify the law. The purpose of the provision is apparent. It is made for the benefit of persons injured or suffering damage and not solely for the benefit of the insured. The latter may be one of the reckless impecunious kind, as is so often the case, indifferent to a judgment against

him and execution-proof. In other words, he may have no property to respond to money damage. The Legislature has sought to meet this difficulty by providing that when the insurance company insures an owner of an automobile it must also assume the risk of damage caused by one operating the car with the owner's consent.

If the insurance policy in this case had contained a clause exempting the insurance company from liability for any damage caused by an automobile driven by the owner's servant or by a person using it with his consent, clearly it would have been illegal; it would have rendered the statute nugatory and useless. Any agreement which limits the full force and effect of this statute is illegal. To say that the insurance does not cover the instance of the automobile being driven with the owner's consent unless he also be present, is such an illegal limitation. It is directly contrary to the mandate of the statute. It has the same effect as a provision that the insurance does not cover the instance of any person driving the car with the owner's consent. This law cannot thus be limited by the agreement of the parties.

Such in effect are the illegal provisions of the policy in question. They have limited this policy to cover cases only where the owner himself is driving the car or he is present in the car with the person who is driving it. What becomes of the law which requires the insurance company to insure against damage caused by one operating the car with the owner's consent, even when he is not present? It is wiped out by this agreement; the insurance company has undertaken not only to violate the law but to qualify it. The owner is not obliged to insure in all instances nor is any insurance company obliged to issue a policy to everybody making application, but when the policy is once issued and the risk assumed, section 109 of the Insurance Law states specifically what this risk shall be.

An owner may have many cars and may legally take

insurance on only one. He may be in business and seek insurance for his business vehicles and not for his pleasure cars. He may be in business in different places and insure a car only when it is used in a particular place or in a particular business. Many are the limitations which may be placed upon a risk without violating the law. His consent, even, may have its limitations, for the statute speaks of consent express or implied, and if there be neither of these, then the owner and the insurance company are not liable. Such are the legal limitations found in cases like *Lavine* v. *Indemnity Ins. Co.* (260 N. Y. 399); *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137); *Coleman* v. *New Amsterdam Casualty Co.* (247 N. Y. 271).

Where, however, the policy is issued to cover the operation of the automobile doing damage there is one specific instance upon which no limitation can be placed by agreement, and that is, the operation of the car with the express or implied consent of the owner. If he has consented to the operation of the car at the time and place the insurance company must pay the damage if the owner cannot. This mandate of the Legislature takes effect in spite of all exceptions or even in the absence of a recital in the policy of the provisions of section 109.

To my mind the distinction is quite clear between an insurance which is limited to car, to place or to business and one which seeks to escape full force and effect of section 109 by excepting the risk on the insured car when operated with the owner's consent but in his absence.

For these reasons I am for affirmance.

O'BRIEN, J. (dissenting). The infant plaintiff, George M. Bakker, was injured through the negligence of the driver of a car belonging to and used with the permission of James D. Ryan and recovered judgment against Ryan for $30,000. The father, Simon Bakker, recovered judgment for $4,000 for loss of services. Ryan is insolvent

and, the executions having been returned unsatisfied, this action is brought under section 109 of the Insurance Law against the present defendant as insurer of the car. Summary judgment for $10,172.35 in favor of the infant and $4,000 in favor of his father has been unanimously affirmed and the appeal comes here by leave of this court.

An endorsement on the policy provides: " New York State Endorsement. * * * Pursuant to the requirements of Chapters 639 and 534 of the Laws of 1924, State of New York, *the insurance provided by this policy* against liability for personal injuries or death shall cover the liability of the owner of the motor vehicle therein described for negligence in its operation, in the business of such owner or otherwise, by any person legally using or operating the same with his permission, express or implied, to the extent that liability is imposed upon him by said laws." By another endorsement on the policy " it is agreed that the automobiles described herein shall be personally driven only by James D. Ryan or by any person within the age limit provided by the policy when accompanied by such named driver." A third endorsement reads: " It is further provided that the assured or any other person covered by the policy shall reimburse the company for payments made on account of any accident, claim or suit involving a breach of the terms, provisions or conditions of the policy, which payments the company would not have been obligated to make under the provisions of the policy independently of this endorsement or of the provisions of said article."

The accident occurred while the car was driven with Ryan's consent, but the person driving it was not accompanied by him. Clearly, therefore, the condition of the second endorsement above quoted was violated. Reading together the three endorsements, the effect is that, under the circumstances, operation of this car was not covered. The owner is liable without recourse. Unless this agreement is contrary to the law of this State, no redress under

section 109 of the Insurance Law is available to plaintiff against this defendant.

We think that the conditions in the endorsements do not violate section 109 of the Insurance Law nor, as far as we can see, any other law of this State. In New York owners of motor vehicles, except those used for hire, are free to remain uninsured. Our Legislature has not yet provided for compulsory insurance. If an owner voluntarily secures indemnity for himself against liability for damages for injuries to person or property, the policy must contain a provision covering negligence by a person operating the vehicle with the owner's permission. But this provision need not be unrestricted or unqualified. The parties may agree upon the amount and the coverage. They are not obliged to include all personal injuries. (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137.) There is no reason to infer that the legislative purpose was to compel the insertion in the policy of stricter protection against negligent acts of a driver than of an owner. Under section 109 an injured claimant can obtain from the insurer only such relief as would be due from the insurer to a solvent principal who had satisfied a judgment. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271.) Surely Ryan, if he had paid these plaintiffs' judgments against him, could have no cause of action against this defendant for, under the facts of this case, the policy did not cover him. There was a breach of condition. The conditions and limitations concerning a driver may be reduced to as narrow a compass as those covering the named assured. The parties may restrict coverage in many ways, for example, when the owner's consent extends only to the use of the car by another in the owner's business at a particular location or for pleasure. (*Lavine* v. *Indemnity Ins. Co.*, 260 N. Y. 399.) The owner of an automobile for hire may, by his contract of insurance, restrict its coverage to the use of the car in connection with social functions, shopping trips,

touring and similar work and may exclude coverage for operation for hire at stands, hotels, stations, on public highways or other public resorts and provide that the car shall not be used in short haul and trip work at standard fares. In an action under section 109 of the Insurance Law the insurer is not liable for a judgment obtained against the insured for negligence by one driving the car even with the permission of the assured when, in violation of these conditions, he is carrying a passenger picked off the street. (*Dileo* v. *Eagle Indemnity Co.,* 263 N. Y. 646.) Since these things may be done, we can see no violation of the statute when the consent is limited to a time when the owner accompanies the driver. When a car is insured for use only in a limited territory there is no insurance covering its use elsewhere and the owner is not bound by section 109 to provide for indemnity against negligence of one using the car with his permission in another locality. In the case before us the car is covered only when it is occupied by the owner. By the endorsement herein " the insurance provided by this policy " covers both the owner and the driver but only when the owner occupies the car. Otherwise no insurance is provided. In his absence, it covers neither one. Both are treated alike. The policy " must be deemed limited in amount and coverage as set forth in the contract agreement." (*Lavine* v. *Indemnity Ins. Co.,* 260 N. Y. 399, 407.) Under section 109 it is only when insurance exists that the policy must also cover negligence of one driving with the owner's permission. If a broader policy is desirable it is the function of the Legislature to devise it.

The third endorsement above quoted does not in our opinion constitute an attempt to evade the New York statute. The parties, while recognizing the limited scope of the coverage, apparently were unable to satisfy themselves as matter of law that the courts of this State would exempt the insurer from liability to a third party, even in the event of a breach of condition by the assured

and by one driving with the consent of the assured. Therefore, if the insurer shall be compelled to pay a third party when the assured breaches the conditions of the policy, this endorsement constitutes nothing more than an agreement for reimbursement to the insurer.

The judgments should be reversed and the motion denied, with costs in all courts.

LEHMAN and CROUCH, JJ., concur with POUND, Ch. J.; CRANE, J., concurs in separate opinion; O'BRIEN, J., dissents in opinion in which HUBBS, J., concurs; KELLOGG, J., not sitting.

Judgment affirmed.