FRANK WEISS, Appellant, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Respondent.*

Second Department, June 22, 1934.

Affg. 149 Misc. 911.

*Melville Ehrlich [William D. Sporborg* with him on the brief], for the appellant.

*Irving I. Goldsmith [Monroe Collenburg* and *Joseph L. Roesch* with him on the brief], for the respondent.

KAPPER, J. On October 10, 1933, defendant moved for judgment on the pleadings, dismissing the complaint. Previous thereto, and on September 29, 1933, plaintiff moved for summary judgment. Under date of January 4, 1934, the defendant's motion to dismiss the complaint was granted, and under date of January 15, 1934, plaintiff's motion for summary judgment was denied. Judgment of dismissal was entered January 17, 1934. Plaintiff, by a single notice of appeal, appeals from the judgment dismissing the complaint and from the two said orders.

The complaint alleges that on September 18, 1927, plaintiff suffered injuries resulting from the negligent operation of an automobile while driven by one Rodney Farson; that plaintiff obtained a verdict against said Rodney Farson on November 21, 1929, and judgment thereon in the sum of $20,078.03 was entered on July 3, 1930. It is then alleged that on the day of the accident said Rodney Farson was *seventeen years old* and was a duly licensed automobile operator under an operator's license issued by the State of Connecticut for the year 1927, in which year the accident occurred; and it is further alleged that said Rodney Farson was operating said automobile " with the permission, express or implied of John Farson, Jr., the owner of the said automobile, and the named assured in said policy; " further, that Rodney Farson, on September 26, 1930, was adjudicated a bankrupt, that execution upon the plaintiff's judgment was duly issued to the sheriff of the county of New York, in which county said Rodney Farson then resided, and that said execution was returned wholly unsatisfied by reason of the said bankruptcy and insolvency of said Rodney Farson, and that no part of said judgment has been paid to the plaintiff. It also appears from the complaint that the defendant insurance company, on June 10, 1927, issued and delivered to John Farson, Jr., as the assured, its policy in the sum of $10,000 for injuries suffered by any one person as the result of liability imposed by law on account of bodily injuries accidentally suffered or alleged to have been suffered by any person from the maintenance or use of the said automobile " within the United States." Certain clauses of the policy are alleged, but the material provisions of the policy are annexed to the complaint.

The answer asserts that the accident in question occurred in the town of Port Chester, Westchester county, N. Y., and that Rodney

Farson at that time was seventeen years old, wherefore " said automobile was being driven or manipulated by a person in violation of law as to age within the meaning of the aforesaid policy for which no coverage was afforded to the assured or any other person according to the provision of the policy hereinbefore referred to, and that by reason of the violation of said policy provision, as above set forth, and the exclusion therein contained as to the operation of the insured motor vehicle by any person in violation of law as to age, this defendant is not liable to the said John Farson, Jr., & /or Rodney Farson for any judgment alleged to have been obtained against either or both of them as a result of the accident upon which this suit is predicated, and this defendant is not liable to this plaintiff for the judgment sued upon or any portion of it."

There is no dispute of fact; and while it would appear that the policy was issued in the city of New York, counsel for the insurance company, respondent, stated upon the argument that he made no contention as to Connecticut being the place of issuance of the policy. In other words, the policy had full life and force in Connecticut, but it was claimed by the respondent that its terms had been violated by the assured when he permitted Rodney (his brother) to operate the automobile in the State of New York while under the age of eighteen years.

The policy provides that it shall not " cover loss from liability on account of injuries or death caused or suffered, by reason of the ownership, maintenance or use of any automobile under any of the following conditions: 1. While being driven or manipulated by any person in violation of law as to age, or under the age of sixteen (16) years in any event."

Section 20 of the Vehicle and Traffic Law provides that " No person shall operate or drive a motor vehicle upon a public highway of this state unless he is duly licensed under this chapter," and that " No operator's or chauffeur's license shall be issued to any person under eighteen years of age."

We are familiar with the provisions of section 109 of the Insurance Law, providing, in the event of the return unsatisfied of an execution upon a judgment recovered by an injured person, that the action may be maintained directly against the insurer under an indemnity policy such as we now have before us. This liability, however, is clearly qualified by the above-quoted clauses contained in section 20.

The case of *United States Fidelity & G. Co.* v. *Guenther* (281 U. S. 34) seems decisive. Involved in that case was a municipal ordinance of the city of Lakewood, Ohio, conflicting with the statute of that State which prohibited the employment of a child under sixteen to operate an automobile, the ordinance making it unlawful for any

owner or bailee of a motor vehicle to permit a minor under the age of eighteen to operate the same upon the streets of the city. It was held (Mr. Justice SANFORD writing for a unanimous court) that " within the plain meaning of the policy the operator of the automobile was ' under the age limit fixed ' by the ordinance; " and the fact that a State statute fixed sixteen years of age as the limit of legal operation " does not affect the validity of the city ordinance." The opinion closes thus: " We find no ambiguity in the phrase ' under the age limit fixed by law ' contained in the exclusion clause of the policy; and think that, by reason of the ordinance, liability on the part of the Company is precluded."

There appears in the respondent's brief a reference to section 20 of the Vehicle and Traffic Law, which provides for what is termed under the statute as " junior operator's licenses " which may be issued to minors between sixteen and eighteen, with the proviso that such minors may not operate in a city of over 1,000,000 (not applicable at bar), but may use the vehicle to travel to and from school or in the usual or ordinary pursuit of the business of the parent. No such license is claimed to have been obtained for or on behalf of Rodney Farson, and no necessity appears for any consideration of that portion of the statute.

Two cases (not briefed) were referred to by the appellant on the argument, namely, *Fox* v. *Employers' Liability Assur. Corp., Ltd., London* (239 App. Div. 671), and *Bakker* v. *Ætna Life Ins. Co.* (264 N. Y. 150). In the *Fox* case the original suit was for negligence against the city, which was impleaded with one of its employees, who was charged with the negligent operation of the city's automobile. As to the city there was a dismissal upon the ground that the city had no power to consent to the use of a municipal vehicle for pleasure purposes. But as to the employee, not insured, the judgment stood. (*Fox* v. *City of Syracuse*, 231 App. Div. 273.) The claim of the insurance company, when sued upon the policy by the injured person, was that the ruling exonerating the city was *res adjudicata*. This contention was overruled by the Appellate Division (Fourth Department). I see nothing else in that case, and am unable to see its application to the case at bar.

The *Bakker* case held that the provisions of section 109 of the Insurance Law applied to the driver of an automobile who was using it with the permission of the owner, *notwithstanding the policy limited the liability of the insurer to cases where the owner was driving or was present in the car at the time of an accident.* Section 109 of the Insurance Law declares that a policy issued in violation of the section must nevertheless be held valid and that the provisions of the section (as to liability over of the insurance company) must be

read into it; and when any provision in such a policy is in conflict with the section, the rights, duties and obligations of the insurer, the policyholder and the injured person, shall be governed by the provisions of the section.   Holding that the statute (§ 109) required its language to be incorporated or read into such indemnity policies, the Court of Appeals applied the section to the case before them, and held a recovery, by summary judgment, proper on behalf of the injured person against the insurance company.   The distinction between that case and the one at bar lies in the fact that in the case before us there was a *violation of the law of our State* which the policy expressly excluded from coverage, while in the *Bakker* case there was the issuance of a policy which violated the provisions of section 109 of the Insurance Law.

Appellant also cites *Floyd* v. *Consolidated Indemnity & Insurance Co.* (237 App. Div. 190), where we held the insurance company liable notwithstanding that the automobile was operated by an unlicensed chauffeur.   The material distinction between that case and the present one lies in the fact that the provision in the policy in the *Floyd* case indemnifying for injuries where the automobile is " legally " being used or operated, was wholly nullified by another provision which expressly stated that such limitation " shall apply between the Corporation and the Assured *but shall not prejudice the right of any person other than the Assured to recover hereunder.*" The policy was unanimously held by us to have no effect upon an injured person whose rights were fixed by the Insurance Law, but had application only when the *assured* sued his insurer for a loss occasioned to him by reason of his permitting an unlicensed chauffeur to drive his car.

The possible conflict or pertinency of paragraph " p " of the policy, specifying the life of the policy and its termination under " Standard Time at place where injury is sustained," as well as the fact that the indemnity covered operation " within the limits of the United States of America and Canada," has been considered upon the theory of the possibility of these clauses overcoming the respondent's relied-upon clause of the policy regarding its exclusion from liability while the automobile was being driven " by any person in violation of law as to age."   Ordinarily, in case of ambiguity, there may be applied the rule that a policy of insurance must be construed as against the insurance company.   (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51, 55.)   I think, however, that there is no such ambiguity in the policy before us, particularly in view of the reasoning in the case in the United States Supreme Court (*supra*), which I think we may not refuse to follow, and more particularly as it does not seem to me that we may intrude language

of our own selection in a plain provision or exclude from the policy its plain provisions. The language of the policy conflicts with no law of our State; on the contrary, it is consonant and in conformity with our law.

Therefore, the order dismissing the complaint, the judgment entered thereon, and the order denying plaintiff's motion for summary judgment should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and TOMPKINS, JJ.

Order dismissing complaint, judgment entered thereon, and order denying plaintiff's motion for summary judgment unanimously affirmed, with ten dollars costs and disbursements.