KENNETH N. DEVITT, Appellant, *v.* CONTINENTAL CASUALTY COM-
PANY, Respondent.*

Third Department, June 27, 1935.

*Albert F. Devitt,* for the appellant.

*Quinn, Higgins & Tormey* [*William F. Quinn* of counsel], for the respondent.

* Revg. 154 Misc. 603.

RHODES, J. The plaintiff, under section 109 of the Insurance Law, seeks to recover upon an automobile liability insurance policy issued by the defendant.

Plaintiff was injured on August 20, 1931, by being struck by an automobile owned by one Joseph H. Bennett. He recovered a judgment therefor against said owner, upon which an execution has been returned unsatisfied, and the judgment remains unpaid.

At the time of the accident, said Bennett, accompanied by his son, Bertram, was on a joint business and pleasure trip, and feeling ill, asked his son, who was about fourteen years and six months of age, to drive the automobile. While the son was thus driving, with the owner sitting by his side, the accident occurred. The son has no operator's license, was not legally entitled to one, could not legally operate a car upon the highway; such operation was a misdemeanor. (Vehicle & Traffic Law, §§ 20, 70.)

The defendant previously had issued to said owner the policy in question, which was then in force, and this policy, among its other provisions, insured the owner against " loss from the liability imposed by law upon the assured."

Among the exceptions stated in the policy is the following: " The assured will not * * * permit any such motor vehicle to be operated (a) by any person under the age limit fixed by law or under the age of fourteen in any event, or who for any reason is not permitted by the laws of the State of New York to operate or drive motor vehicles."

The defendant predicates its defense upon the fact that the operator of the car was under the age limit fixed by law, and was not permitted by the laws of the State of New York to operate or drive motor vehicles, and that the insured owner failed and omitted to comply with said condition of said policy in that he permitted said motor vehicle thus to be operated.

The learned court below concluded that the owner was liable under section 59 of the Vehicle and Traffic Law, but held that the insurer was not liable under the terms of the policy and of section 109 of the Insurance Law, because the operator, being under age and prohibited by law from operating an automobile, was not " legally using or operating the automobile with the permission, express or implied, of such owner."

Section 59 of the Vehicle and Traffic Law makes every owner of a motor vehicle or motorcycle " liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motorcycle in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

Section 109 of the Insurance Law requires that as to every policy of insurance of the kind here involved, " there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person *legally* using or operating the same with the permission, express or implied, of such owner," and every such policy shall by said section be deemed to include this provision.

In passing, it may be observed that irrespective of the liability imposed upon the owner by section 59 of the Vehicle and Traffic Law, he was liable to the plaintiff at common law. (*Nalli* v. *Peters*, 241 N. Y. 177; *Gochee* v. *Wagner*, 257 id. 344.) (See, also, *Arcara* v. *Moresse*, 258 id. 211; *Grant* v. *Knepper*, 245 id. 158.)

In any event, the car was being operated by the driver with the permission of such owner.

The defendant argues and the court below has held that as it was unlawful for the driver of the car to operate it because of the fact that he was under age and had no license, therefore, he was not *legally* using or operating such motor vehicle within the meaning of section 59 of the Vehicle and Traffic Law and section 109 of the Insurance Law, and that for such reason the policy excluded liability here. This argument, however, overlooks the main purpose of the statute. It is true that by the Vehicle and Traffic Law the operation of cars by persons under the prescribed age is prohibited and made a crime, the obvious reason therefor being that it is deemed unsafe and dangerous to permit persons under the specified age to drive. The manifestly different purpose of section 59 of such law is to extend the liability of the owner of the car for injuries caused by persons operating the car with his permission, regardless of the competency or incompetency of the operator.

It seems illogical to say that this section contemplates liability of the insurer for injuries caused by a person operating the car with the permission of the owner, where such person is of proper age and competent, and in the same breath to say that where the owner enhances the danger to the public by permitting his car to be operated by a person under the permitted age and incompetent, such insurer is not liable therefor, because forsooth, the car is not being " legally " used or operated. The owner is free to avoid such liability by withholding his permission for the operation of the car by another. If he sees fit to permit the car thus to be operated, the law makes him liable for injuries resulting therefrom, regardless of whether the driver is competent and authorized by law to operate cars on the highway, or incompetent and forbidden

by law to drive. In either case the liability of the insurer is co-extensive with that of the owner.

It was said in *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137) that this clause in section 109 of the Insurance Law is aimed to protect the public against the operation of a car by others than the owner, provided they have the owner's consent, express or implied. This was reiterated in *Bakker* v. *Ætna Life Insurance Co.* (264 N. Y. 150), and in the concurring opinion of the present chief judge it was said: " The purpose of the provision is apparent. It is made for the benefit of persons injured or suffering damage and not solely for the benefit of the insured. The latter may be one of the reckless, impecunious kind, as is so often the case, indifferent to a judgment against him and execution — proof. In other words, he may have no property to respond to money damage. The Legislature has sought to meet this difficulty by providing that when the insurance company insures an owner of an automobile it must also assume the risk of damage caused by one operating the car with the owner's consent.

" If the insurance policy in this case had contained a clause exempting the insurance company from liability for any damage caused by an automobile driven by the owner's servant or by a person using it with his consent, clearly it would have been illegal; it would have rendered the statute nugatory and useless. Any agreement which limits the full force and effect of this statute is illegal."

The meaning of the phrase " legally using or operating the same with the permission, express or implied, of such owner," evidently refers to the relation existing between the operator and the owner. For example, if the operator of a car has stolen it and is using it without the knowledge or consent of the owner, then the operator is not legally using or operating the same. It is probably true that the clause would have been equally as effective if it had omitted the word " legally " and had provided for liability of the owner for injuries resulting from the operation of his car by any person using or operating the same with his permission, but the word " legally " appears to have been inserted to emphasize that the owner was only to be made liable where the possession and use of the car by the operator was lawful as against the owner and where such possession and use were thus contemplated and permitted by such owner. (See *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161.)

In behalf of the defendant there is cited the case of *Weiss* v. *Preferred Accident Ins. Co. of N. Y.* (241 App. Div. 545), where the Appellate Division of the Second Department unanimously arrived at a contrary conclusion.

In that case as in this, the car was being operated with the consent of the owner by a person under the permitted age. The court there felt that the case should be distinguished from the *Bakker Case* (*supra*) on the ground that in the *Weiss* case " there was a violation of the law of our State which the policy expressly excluded from coverage, while in the *Bakker* case there was the issuance of a policy which violated the provisions of section 109 of the Insurance Law." It may be granted that such a difference in facts existed between the *Weiss* case and the *Bakker* case, but the purpose of the statute and the language of the Court of Appeals in the *Bakker* and *Brustein* cases indicate that such distinction is of no consequence.

In the *Weiss* case the court considered as decisive the case of *U. S. Fidelity & G. Co.* v. *Guenther* (281 U. S. 34). In the *Guenther* case the policy of insurance excepted the insurer from liability in case of the automobile " being operated by any person under the age limit fixed by law or under the age of sixteen years in any event." That case, however, did not involve the effect of any statute similar to section 109 of the Insurance Law, which expressly requires the provisions referred to as to liability of an owner for the operation of his car by another to be incorporated in every policy of liability insurance. Undoubtedly, without such provision of the statute, it would be competent for the insurance company to exempt itself from liability for damages inflicted by the operator of a vehicle if the operator was under the required age. (See *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51.)

It is unnecessary to discuss the numerous cases where an insurance company has been permitted to impose limitations upon its liability. The line of demarcation between the liabilities as to which the insurer may exempt itself and those liabilities as to which it may not impose limits, is pointed out in the *Bakker Case* (*supra*).

Undoubtedly, the intent of said section 109 is to impose upon the insurer the same liability imposed upon the insured by said section 59. The pertinent language of the sections is identical. Such liability of the owner, the insurer, by said section 109, is required by its policy to insure. The command of the statute is imperative, and may not be limited or avoided. " When the policy is once issued and the risk assumed, section 109 of the Insurance Law states specifically what this risk shall be." (*Bakker* v. *Ætna Life Insurance Co.*, *supra*.)

The conclusion is that the defendant here, by virtue of section 109 of the Insurance Law, is liable under the policy for the acts of the driver, even though such driver in operating the car was violating the law and guilty of a crime.

The right to trial by jury having been waived by the parties, and the court thereupon, upon stipulated facts, having pursuant to section 440-a of the Civil Practice Act, rendered a general verdict of no cause of action, upon which the judgment herein has been entered, the judgment should be reversed and the verdict set aside on the law, a general verdict rendered in favor of plaintiff and judgment directed to be entered thereon, with costs to the plaintiff in this court and in the court below.

CRAPSER and BLISS, JJ., concur; HILL, P. J., and HEFFERNAN, J., dissent.

Judgment reversed and verdict set aside on the law, a general verdict rendered in favor of plaintiff and judgment directed to be entered thereon, with costs to the plaintiff in this court and in the court below.