CHARLOTTE L. FOX, Appellant, *v.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Respondent.

HENRY J. FOX, Appellant, *v.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Respondent.

Fourth Department, January 17, 1934.

*Benjamin E. Shove,* for the appellants.

*H. Duane Bruce,* for the respondent.

TAYLOR, J. In February, 1930, judgments in tort were entered in favor of these plaintiffs against the city of Syracuse and Fred J. Green, one of its employees. Upon appeal by the city the judgments against it were reversed (231 App. Div. 273). Green did not appeal and executions against him have been returned unsatisfied. The actions were ordinary negligence actions for damages sustained as the result of a collision between an automobile driven by the plaintiff Henry J. Fox and one driven by Green and owned by the city.

The present actions are brought under a policy of automobile liability insurance issued by the defendant to the city, which covers the car driven by Green. Plaintiffs seek to compel defendant to pay the amount of the judgments recovered by them against Green in the former action, relying for their coverage and right of action upon the following paragraphs of the policy:

" Omnibus cover. Agreement IV. This policy shall cover the assured named in the declarations and any person or persons while riding in or legally operating any of the automobiles described therein and the protection granted by this policy is so extended as to be available in the same manner and under the same conditions as it is available to the named assured, to any person, firm or corporation legally responsible for the operation of such automobiles, provided such use or operation is with the permission of the named

assured, or if the named assured is an individual, with the permission of an adult member of the named assured's household other than a chauffeur or a domestic servant; except that the protection granted by this policy shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station and the agents or employees thereof.

" The unqualified term 'Assured' wherever used in this policy shall include in each instance not only the named assured but also any other person, firm or corporation entitled to protection under the agreements, conditions and declarations of this policy, but the qualified term ' named Assured ' or 'Assured named in the declarations ' shall apply only to the assured named and described as such in the declarations."

The policy (agreement V) covered claims resulting from bodily injuries accidentally sustained by any person or persons other than the employees engaged in operating or caring for the automobiles covered, as the result of the ownership, maintenance, operation or use of the automobile in question; also accidental injury to or destruction of property of any description as the result of the ownership, maintenance, operation or use of the automobile in question. Certain declarations were attached to the policy and are a part thereof, one of which is as follows: " Item 6. The purposes for which the above described automobiles are to be used are Business and Pleasure."

Under well-settled principles of construction the provisions of such a policy are construed favorably to the insured and against insurance company in all matters of doubt as to their true meaning.

Plaintiffs introduced in evidence so much of the judgment rolls in the former actions as pertained to their claim against Green. The defendant, against plaintiffs' objection, introduced the balance of said judgment rolls and the cases on appeal. It also proved that the attorney who appeared for the city in the former actions did so as attorney for the insurance company. At the close of the evidence defendant moved to dismiss the complaints on the merits and the motion was granted.

The defendant concedes that the car driven by Green was owned by the city and that it was one of the cars specified in the policy. From the admitted fact of ownership plaintiffs started out with the benefit of a presumption that Green was driving the car with the consent of the city. (*Ferris* v. *Sterling*, 214 N. Y. 249.) If so, he was an assured within the above-quoted provisions of the policy.

The foregoing recital shows that the defendant limited its defense to *res judicata*. An examination of the records in the prior actions shows that the following propositions were therein determined:

1. That Green was negligent and that there was no contributory negligence on the part of the plaintiffs.

2. The extent of the injuries and the damages suffered.

3. That at the time of the accident the car was not being used in the city's business but for Green's own pleasure and not with a consent of the city which could subject it to liability.

The above estoppels Nos. 1 and 2 are in favor of the plaintiffs and against the defendant.

The record of the former trials and the opinion handed down show plainly that Green was accustomed to use the car on the city's business with the permission, express or implied, of the city, and that the decision really rested upon a finding that the city, a municipal corporation, had no power to consent to the use of the car for pleasure purposes so as to subject it to liability under section 59 of the Vehicle and Traffic Law. The cases cited in the opinion (*Aspinall* v. *City of New York*, 221 App. Div. 753; affd., 246 N. Y. 644; *Downing* v. *City of New York*, 219 App. Div. 444; affd., 245 N. Y. 597) fully support this view.

No judgment is evidence in relation to any matter to be inferred only by argument or construction. " Certainty as to the precise matters adjudicated is of the essence of the estoppel." ` (2 Freeman Judgments [5th ed.], § 691.) And when the causes of action involved in two lawsuits are different, the estoppel does not extend to matters which might have been litigated in the earlier suit, but is limited to those matters or issues common to both actions which were either expressly or by necessary implications adjudicated in the first. (2 Freeman Judgments [5th ed.], § 677.)

" The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action." (2 Freeman Judgments [5th ed.], § 687.)

One of the issues litigated in the former actions was consent under section 59 of the Vehicle and Traffic Law. The issue tendered in the present actions is consent under the policy. These issues are not common to both actions. There are cases construing " permission " within the meaning of policies similar to the one in suit which go so far as to hold that the test is whether general permission to use the car was granted in the first instance, and if so there was permission under the policy even though the car might be driven to a place or on an errand not contemplated or known by the owner when he granted the consent. (*Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369; *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301; *Maryland Casualty Co.* v. *Ronan*, 37 F. [2d] 449; *Georgia Casualty Co.* v. *Waldman*, 53 id. 24; *Peterson* v.

*Maloney,* 181 Minn. 437.) However, we are not called upon here to define the meaning of the word " permission " in the insurance policy involved.

Consent under the policy here was not adjudicated either expressly or by necessary implication in the first (negligence) actions, nor could it have been. All that was decided then was that there was no consent and could be no consent under section 59 of the Vehicle and Traffic Law pursuant to which the city of Syracuse could be held liable to the plaintiffs in those actions, because Green was not using the car in the city's business and the city could not render itself liable by consenting to any other use. The question now before the court is not whether or not plaintiffs have a cause of action, but whether plaintiffs should be hampered by the judgments in the former actions in their effort to establish a cause of action within the purview of the insurance policy. We should add that the extent of the coverage of item 6 of the policy, relating to driving for " business and pleasure," is not a matter as to which we should now express an opinion.

The fact that this defendant, through its counsel, conducted the defense of the city of Syracuse in the former actions — the insurance company not having then been a party — cannot give this defendant the right to base its defense here upon what was adjudicated as between these plaintiffs and the city of Syracuse in the former actions. Nor was there privity or any other relationship there which estops plaintiffs here. *Erie R. R. Co.* v. *B. & L. T. Co.* (220 App. Div. 520; affd., 246 N. Y. 625); *Belden* v. *State of New York* (103 id. 1) and *Wille* v. *Maier* (256 id. 465) are illustrative cases in which claims of *res adjudicata* have been disallowed. The case of *Rhodes* v. *Ocean Accident & Guarantee Corp., Ltd.* (239 App. Div. 92), referred to upon the argument, clearly does not aid the defendant, and a review of it here would be profitless.

A portion of the verdict in favor of Henry J. Fox is for loss of his wife's services, and defendant claims that in no event is it liable under its policy for such loss. But the defendant agreed in its policy to settle or to defend against *claims resulting* from liability imposed upon the assured by law for damages on account of bodily injuries. This is such a claim. (*Floyd* v. *Consolidated Ind. & Ins. Co.,* 237 App. Div. 190; *Psota* v. *L. I. R. R. Co.,* 246 N. Y. 388.) So far as construction is concerned, policies of insurance are like other contracts. (*Ulster County Savings Inst.* v. *Young,* 161 N. Y. 23, 30.)

We conclude, therefore, that the judgment rolls, cases on appeal and records in the former actions were not admissible in evidence on the trial of the present actions for the purpose of proving *res*

*adjudicata* and that there is nothing in the relationship existing between this defendant and the city in the former actions nor in this record whereby plaintiffs are estopped in these actions from litigating the question of the city's consent to Green's use of the car within the intendment and scope of the policy in suit. The defendant has not sustained the burden resting upon it to prove *res adjudicata* of which it may take advantage. (*Marine Transit Corp.* v. *Switzerland General Ins. Co.*, 263 N. Y. 139, 147.)

The judgments should be reversed and new trials granted, with costs to appellants to abide the event.

SEARS, P. J., and CROSBY, J., concur; THOMPSON, J., dissents and votes for affirmance.

In each action: Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.