Olive L. Feine, Plaintiff, *v.* State Mutual Life Assurance Company of Worcester, Mass., and Another, Defendants.

Supreme Court, Erie County, August 13, 1934.

*Chester B. Smith* [*Charles W. Strong* of counsel], for the plaintiff.

*Kenefick, Cook, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for the defendant State Mutual Life Assurance Company of Worcester, Mass.

*Harry D. Sanders*, as special guardian of Ernest C. Q. Feine.

Maloney, J. This action was brought to recover under policy of life insurance issued by the defendant assurance company May 28, 1927, on the life of Charles F. Feine, deceased, in the sum of $33,000, less unpaid liens, premiums or installments, if any, the irrevocable beneficiary therein being his wife, the plaintiff herein, Olive F. Feine.

March 21, 1932, during the lifetime of the insured, the plaintiff, as such beneficiary, executed and delivered to the defendant assurance company a writing designated as "Nomination of Beneficiary and Request," reciting that plaintiff, as the absolute owner of the policy, nominated and requested the defendant assurance company, if the said policy became a claim by reason of the death of the insured, that the proceeds due thereunder be paid in accordance with the conditions and provisions of option C of said contract

of insurance, viz., the principal sum to be retained by defendant company and the interest thereon paid monthly to the plaintiff, with the right to withdraw in any year $500 of the principal so retained by the company until the time of the death of the survivor or survivors of the plaintiff, at which time the balance of the principal sum then retained by the company be divided into as many equal shares as there were children of the plaintiff then surviving, including her legally adopted son, Ernest C. Q. Feine (Ernest C. Q. Feine is the son of the plaintiff and was the adopted son of the insured), which share or shares should be retained by the assurance company under said option C of the contract of insurance and the interest thereon paid to the surviving child or children until said surviving child or children attained the age or ages therein specified, when the principal be paid to the surviving child or children.

The " Nomination of Beneficiary and Request " aforesaid contains the following provision: " I expressly reserve the right without the consent of any beneficiary to revoke this Nomination and Request at any time by, so notifying in writing the said company at its Home offices."

Such " Nomination of Beneficiary and Request " was filed with the defendant assurance company, attached to the said policy of insurance and a memorandum of its filing indorsed on the policy as follows:

" WORCESTER, MASSACHUSETTS, *March* 29, 1932.

" The abso. owner under date of March 21, 1932 nominates herself, Olive L. Feine, et als., as beneficiaries under this policy, subject to the conditions of this policy, and said nomination which has been filed with company, a copy of which is hereto attached.

'STATE MUTUAL LIFE ASSURANCE COMPANY OF WORCESTER, MASSACHUSETTS
" WILLIAM T. MITCHELL,
" *Manager of Claims and Titles.*"

The insured died on the 19th day of October, 1933. Up to that date the plaintiff had not exercised her right under the " Nomination of Beneficiary and Request " to revoke the same under the revocation clause contained therein as quoted above.

Due and timely proof of death was filed with the defendant assurance company and no question is raised as to its liability to make payment to plaintiff under option C as hereinbefore set out or as otherwise determined, nor is it disputed that the plaintiff duly demanded the payment of the indemnity provided in the policy.

After the death of the insured, the plaintiff served notice in writing upon the defendant assurance company, mailed January 12, 1934, and received at the home office of the company on the 13th day of January, 1934, to the effect that the plaintiff canceled and revoked the contract or paper dated March 21, 1932, which is denominated as " Nomination of Beneficiary and Request," and said notice also demanded payment to the plaintiff of the principal amount due under the policy together with the accrued interest thereon.

The issue to be determined by this court is: Did the plaintiff in this action under the contract of insurance issued by defendant assurance company have a right under the policy of insurance to exercise prior to the death of the insured the option therein contained, known as option C? If she did, the question naturally presented is: Was the " Nomination of Beneficiary and Request," containing as it does a reservation as to revocation at any time, revocable after the death of the insured?

It must be conceded that had no option been exercised or attempted to have been exercised by plaintiff or insured upon the death of the insured, the indemnity due thereunder would be payable to the plaintiff. Under the terms of the contract of insurance plaintiff might then have exercised her right of election as to one of the several options provided in the policy relative to the method of payment to her of such indemnity. The inquiry must, therefore, be: " Did the insured or the plaintiff, during the lifetime of the insured, do anything which militated in any way against the claim of the plaintiff as now made? " For the answer to the last query, it is important that the policy of insurance be construed according to its terms.

" So far as construction is concerned, policies of insurance are like other contracts." (*Fox* v. *Employers' Liability Assur. Corp., Ltd., London,* 239 App. Div. 671, 675; *Ulster County Savings Inst.* v. *Young,* 161 N. Y. 23, 30.)

Under the terms of the contract of insurance in force during the lifetime of the insured, the absolute beneficiary therein named was the plaintiff, and as such she had a vested interest in the insurance fund upon the death of the insured. The " Nomination of Beneficiary and Request," dated March 21, 1932, recites: " I, Olive L. Feine, the absolute owner of the aforesaid policy, do hereby nominate and request that after the said policy becomes a claim by reason of the death of the said insured, the proceeds due thereunder be retained by the Company in accordance with the conditions and provisions of instalment option ' C ' and paid as follows."

The contract of insurance as written provides: " The insured at any time while this policy is in force, for an amount not less than $1,000.00 and not assigned, may choose one of the methods of settlement designated below. After making such selection the insured may revoke it and select another method of payment. Any selection of, or change in the method of settlement, must be made in writing and filed with the company at its home office accompanied by this policy for suitable indorsement."

I find no provision in the contract of insurance providing that during the life of the insured plaintiff had the right to choose one of the methods of payment designated as an option. The contract of insurance does provide, however, that if no selection of any option has been made by the insured, the privilege of selection shall be extended to the beneficiary at the time that the policy becomes a claim.

The contract of insurance also provides that if the insured exercises his right to choose one of the options aforesaid therein provided, after making such selection, he may revoke it and select another method of payment. The policy further provides: " If any beneficiary, revocable or irrevocable, dies before the insured, the interest of the said beneficiary shall vest in the surviving beneficiary or beneficiaries unless otherwise directed by the insured. If no designated beneficiary survives the insured, the beneficial interest in this policy shall vest in the estate of the insured."

As stated above, it is conceded that the insured during his lifetime designated none of the options as to the method of paying to plaintiff of the indemnity due under the policy upon his death.

In my opinion, the right to exercise any of such options contained in the contract was exclusively and solely in the insured during his lifetime. The absolute beneficiary had no right under the contract to select option C or any other option during the lifetime of the insured.

If plaintiff did have the right under the contract during the life of insured to exercise her choice as to the method of payment to her by the company after the death of the insured, then the exercise of such right created only a revocable trust in view of the reservation contained in the nomination made by the plaintiff, viz., " I expressly reserve the right, without the consent of any beneficiary, to revoke this nomination at any time."

The situation presented to this court is no different than that which would be presented by any person creating a revocable trust. The trust, if one were created by the plaintiff, by its terms was to continue only until such a time as the plaintiff desired it to continue and she had the right to cancel or revoke it at any time.

I am of the opinion that the " Nomination of Beneficiary and Request " made by the plaintiff during the lifetime of the insured was ineffective. But even if it be said that such nomination were effective, I find it constituted a revocable trust which plaintiff was at liberty to revoke at any time she saw fit so to do.

Judgment is granted in favor of the plaintiff and against the defendant for the full indemnity provided in the policy less all liens, interest and other indebtedness, without costs.

Let judgment be entered accordingly.