UNITED STATES FIDELITY & GUARANTY CO. v. SHRIGLEY et al.

No. 601.

District Court, W. D. Arkansas, Fort Smith Division.

Feb. 21, 1939.

**626**

Reynolds & Maze, of Clarksville, Ark., for plaintiff.

R. W. Robins, of Conway, Ark., and Patterson & Patterson, of Clarksville, Ark., for defendant Pierson.

Hays & Wait, of Russellville, Ark., for defendant Shrigley.

RAGON, District Judge.

On November 25, 1931, the plaintiff issued to Guy Shrigley its policy of insurance which carried the following provision as Agreement "A" Section I: "To' Pay all sums which the assured shall become liable to pay as damages imposed upon him by law for bodily injury, including death at any time resulting therefrom (herein callled "Bodily Injury"), accidentally sustained by any person or persons if caused by the ownership, maintenance or use of any automobile disclosed in the declarations for the purpose therein stated;" The policy also provided that if claims are made for damages on account of such bodily injuries or death alleged to have been accidentally suffered by any person as a result of an accident occuring while such policy is in force, the insured obligated itself to investigate such accident and to provide a defense through its attorneys in the name and on the behalf of the assured of any suit brought against the assured to enforce such claim.

The plaintiff filed on June 23, 1937, its petition for a declaratory judgment, alleging that L. H. Pierson, whose wife, Arch Pierson, had been injured in an accident involving the automobile belonging to Shrigley and covered by the policy issued to Shrigley, had filed a suit in the Johnson Circuit Court for consequential damages arising out of the bodily injury received by Mrs. Pierson as a result of the automobile accident.

On January 25, 1938, the parties filed the following stipulation:

"Whereas, at a pre-conference meeting, December 15, 1938, it was agreed by counsel, and the court ordered "that the only question now involved in this case is that of the coverage of the policy; that relative to such issues counsel with file stipulation."

"It is, therefore, stipulated that this cause is submitted upon the sole question of whether the damages claimed by the defendant, L. H. Pierson, in a suit pending in the Johnson Circuit Court and made an exhibit to the complaint is covered by the. terms of the policy, which policy is an exhibit to the complaint, which complaint, together with all of the other pleadings are to be considered by the Court in determining what has been agreed upon as the sole issue in this case."

The question to be determined is whether or not the defendant, Pierson, under the terms of the policy, can recover consequential damages for the loss of the services of his wife by reason of the bodily injuries she sustained in the automobile accident.

The cases which have a bearing upon the construction of liability clauses such as presents itself in this case are not numerous, and so far as my investigation leads me are confined to the State Supreme Courts. The case of Brustein v. New Amsterdam Casualty Co., 255 N.Y. 137, 174 N.E. 304, was decided by the New York Supreme Court and has been often quoted in the decisions of other courts. The husband in that case sought to recover under a policy insuring against loss in respect to bodily injuries. The court held that the language limited the coverage to such injuries only as were sustained by the injured party. The court held husband received no bodily injury from the loss of his wife's services and, therefore, could not recover. In view of the holdings by other courts, it is un-

fortunate that this decision does not carry the exact wording of the liability clause. There are other decisions of the New York Court upon this point, but the most important as affecting the instant case is that of Roche v. United States Fidelity & Guaranty Co., 247 App.Div. 335, 287 N.Y.S. 38, 39, which was rendered six years later. The liability in the Roche case provided "to pay as damages imposed upon him by law for bodily injuries". This language is almost identical with the language in the policy which was issued to Shrigley. The New York court held that this language would permit of a recovery only to the persons who received bodily injury by reason of an accident. In this case the recovery sought under the policy was for the loss of the services of a minor child and for medical expenses incurred in his treatment.

The Supreme Court of Massachusetts has passed upon this question perhaps more frequently than any other State court. The decisions of the Massachusetts courts have been affected more or less by the requirements of a compulsory insurance statute. However, all of the cases follow the reasoning of the decision in Williams v. Nelson, 228 Mass. 191, 117 N.E. 189, Ann.Cas. 1918D, 538. The courts generally have held that liability to pay damages for "bodily injury" is more restricted and limited than liability to pay damages "on account of bodily injuries". While "for" and "on account of" have been held in some respects synonymous, yet the latter phrase has been given a more comprehensive meaning. Thus in Cormier v. Hudson, 284 Mass. 231, 187 N. E. 625, the policy in question carried two provisions, one of which covered compulsory insurance required by the statutes of Massachusetts, "against loss by reason of the liability to pay damages to others for bodily injuries * * * arising out of the ownership, operation, maintenance, control or use upon the ways of" the State of Massachusetts. Under the second provision there was a clause termed "extraterritorial liability coverage" which provided "Against loss from the liability imposed by law upon the Assured for damages on account of bodily injuries * * * suffered by any person or persons * * * from accidents occurring * * * within the limits of the Continental United States of America * * * elsewhere than upon the ways of the Commonwealth of Massachusetts, * * *". The court in this decision was concerned only with the extraterritorial clause, but in the decision they discuss the

distinction between the compulsory insurance liability and the liability under the extraterritorial clause. The Court said: "It is to be observed that the decisive words used in the compulsory insurance clause differ from those in the extraterritorial insurance clause of the policy. The compulsory insurance is against 'liability to pay damages to others for bodily injuries.' The extraterritorial insurance is against 'liability * * * for damages on account of bodily injuries * * * suffered by any person.' If the same indemnity had been intended, naturally the same words would have been used. It seems plain that the words of the extraterritorial insurance are broader than those of the compulsory insurance. In some contexts 'for' may signify 'on account of,' yet standing alone the latter words are more comprehensive. The compulsory insurance is by the terms of the policy limited to the coverage required by the statute. The extraterritorial insurance is not so limited. The Compulsory Motor Vehicle Insurance Act as amended by St.1928, c. 381, § 4, provided for insurance against loss by reason of liability to pay damages to others for bodily injuries. The amendment in St. 1930, c. 340, § 1, requires insurance not only against liability to pay damages for bodily injuries but also against liability for 'consequential damages' such as are here in issue. See now G.L.(Ter.Ed.) c. 90, § 34A. The inference is permissible that the General Court thought that consequential damages were not covered by St.1928, c. 381, § 4, as to motor vehicle insurance."

See, also, Fox v. Employers' Liability Assurance Corporation, 239 App.Div. 671, 268 N.Y.S. 536, 541; Kula v. Jersey Mutual Casualty Ins. Co., 153 A. 265, 8 N.J.Misc. 929.

It will be observed that the compulsory insurance act in Massachusetts has been amended more than once and this may account for some slight variance in the several cases involving this point which have been passed upon by the Massachusetts Supreme Court.

Arkansas has no statute requiring the use of any particular language in policies such as are involved in this case and, therefore, the parties were free to contract with reference to this element of coverage. When the parties to the contract in issue agreed that the insurer should "pay all sums which the assured shall become liable to pay as damages imposed upon him by law for bodily injury", the agreement had reference

to a recovery of damages for bodily injuries only. A careful reading of the language employed in sub-section Two of Sec. II, and sub-section 4—a of Sec. II of the policy emphasize the limited and restricted sense in which the words "bodily injury" are used in Agreement "A" of Section I of the contract. By use of the word "bodily" the contract limits the injury for which a recovery may be had to a physical injury and does not include all injuries to the person or personal injuries. As it was said in the Brustein case, "obviously the husband receives no 'bodily injury' from the loss of his wife's services". [255 N.Y. 137, 174 N. E. 305.]

■■ The defendant contends that such a construction is entirely too narrow, and if there is any ambiguity in the words used they should be most strongly construed against the insurer, because the language of the policy is of the insurer's own choosing. The general rule conforms to the contention of the defendant. Where a policy of insurance is so framed as to leave room for more than one construction, the words used should be most strongly interpreted against the insurer. However, I do not feel there is any ambiguity in the language used in the contract under consideration. While the defendant has strongly urged that this case should be ruled by the decisions of several State courts, yet, when these cases are closely studied, it will be found that they involved a coverage more liberal and more comprehensive than the language used in the Shrigley policy.

■ The defendant further relies upon the comments of the editors of the American Law Reports in Volume 105, page 1205, where it is said that under policies indemnifying against legal liability for bodily injuries a parent or husband suffering consequential damages as a result of bodily injuries may recover therefor. I do not think there is any conflict in this statement with the views of the court. Indemnifying against legal liabilities for bodily injuries is tantamount to indemnifying against all damages one may become liable to pay on account of bodily injuries or on account of personal injuries. The cases cited by the defendants are Fox v. Employers' Liability Assurance Corporation, 239 App.Div. 671, 268 N.Y.S. 536, 541; Klein v. Employers' Liability Assurance Corp., 9 Ohio App. 241; Antichi v. New York Indemnity Company, 126 Cal.App. 284, 14 P.2d 598; American Motorists Insurance Co. v. Kopka, 88 N.H.

182, 186 A. 335; and Kula v. Mutual Casualty Insurance Company, 153 A. 265, 8 N. J.Misc. 929. In all of these cases the language of the liability clause is more inclusive and comprehensive than the language used in the Shrigley policy. I am forced to the conclusion after a thorough search of all the authorities that the liability clause in the Shrigley policy restricts recovery to actual bodily injuries to the person.

The coverage, therefore, of this policy, did not include the claim of Leonard Pierson for the loss of the services of his wife by reason of the bodily injuries she received. Since there is no liability under the policy for Pierson's claim, the company is under no obligation to defend the suit against Shrigley.

Counsel for plaintiff will prepare and present findings of fact and conclusions of law for the court's consideration, and a decree in conformity therewith.