Dye, J.
(dissenting). I find myself unablé to agree with the decision about to be made.
These actions for wrongful death grow out of an automobile accident which occurred in New York, allegedly due to the negligence of one O’Rourke in driving the automobile owned by defendants, neither of whom was in the car. The answers set forth the defense of collateral estoppel, inter alia, because of a final judgment rendered in New Hampshire.
Plaintiffs had brought suit in New Hampshire against O’Rourke and National Surety Corporation, the present defendants’ insurer, seeking a declaration (in accordance with that State’s procedure) that O’Rourke was driving the car with the owner’s permission and that the insurer was obligated to defend *297 O’Rourke and stand responsible for any judgment obtained against Mm, on account of the public liability policy, containing the usual omnibus clause, which had been issued to the defendants in Pennsylvania. The New Hampshire court, in a hearing conducted for that purpose, held that under the controlling law there was no “ permission ” within the meaning of the policy, and thus the insurer was not required to defend the action.
The New Hampshire actions against O’Rourke were voluntarily discontinued, and the present actions subsequently were tried on the theory of imputed negligence, pursuant to section 59 of the Vehicle and Traffic Law. Thus, “ permission, express or implied ” is in issue here.
On the issue of permission, the testimony establishes that defendants are father and son, the former a resident of Johns-town, Pennsylvania, and the latter at the time in question a serviceman stationed at Sampson Air Force Base, Geneva, New York. The son had refused to lend his automobile to a fellow airman because O’Rourke, who was to ride in the car, was restricted to base, and the defendant son wanted nothing to do with a deliberate violation of restriction. After twice refusing to lend the car, he finally consented on the assurance that O’Rourke would be left behind. The accident occurred while the car was out on loan, and when O’Rourke, who was not left behind, was not only in the car but behind the wheel..
In these actions the defendant owners contend that the plaintiffs are concluded by the New Hampshire judgment on two main grounds — the first being that the issues in the two actions are the same, thus giving rise to collateral estoppel.
Although each action depends on “ permission, express or implied ”, the issues are not the same. In New Hampshire, the insurance company’s responsibility for any judgment obtained against O’Rourke, the driver, hinged on the issue of owner-consent within the meaning of the insurance contract, which was ascertained by resort to a reading of the contract in the light of Pennsylvania law. In New York, on the other hand, every owner of a motor vehicle operated upon a public highway is made liable by statute for injury to person or damage to property of another resulting from negligence in the operation of such motor vehicle in the business of the owner or otherwise by any person legally using or operating the same “ with the *298 permission, express or implied, of such owner” (Vehicle and Traffic Law, § 59). Thus, in New York the meaning of “ permission ” imputing the driver’s negligence to the owner is a matter of legislative intent.
The doctrine of collateral estoppel then, in its traditional sense, has no application to this controversy, since it would not here serve the policy against relitigating’ issues already adjudicated (Jewtraw v. Hartford Acc. & Ind. Co., 2 N Y 2d 788; Fox v. Employers’ Liab. Assur. Corp., 239 App. Div. 671).
The second point to consider is the argument that, since the operative facts essential to decision in both actions are identical, the application of collateral estoppel is justified, owing to the increased probability that the issues here to be decided were conclusively determined by the first judgment.
The ultimate fact which had to be pleaded in New Hampshire was the existence of permission under the insurance contract. The ultimate fact which needs to be proved in the New York action is the existence of permission under section 59 of the Vehicle and Traffic Law. The two are not the same, for the one is determined by the parties ’ intent as manifested by the terms of the contract, while the other depends on legislative intention. The difference is apparent even though the results in both actions might be the same because neither kind of permission may have been given.
In short, the New Hampshire courts did not find as a fact that O’Rourke was driving without the sort of permission which, if found, would have rendered the owner liable under section 59.
Appellants thus ask us to give res judicata effect to the evidentiary findings made in the prior action, by accepting the facts found as binding on us and then applying different legal principles to them to determine that the fact of permission under section 59 has been concluded. But to fashion a rule that requires us to examine a set of operative facts from which the ultimate fact has already been drawn by a legitimate trier of the facts, and then attempt to determine whether or not as a matter of law another ultimate fact ought to be drawn from those facts, is to sacrifice our notion of fact-determination for an uncertain rule of unpredictable application.
Nor am I able to find that the two kinds of permission herein involved enjoy the same legal meaning because of the public *299 policy underlying their use, there being no basis for saying that our concept of owner-liability under section 59 equates with another State’s concept of insurer-liability under the standard omnibus clause.
Since the law of New Hampshire is in agreement with my view of the limits of the collateral estoppel doctrine (King v. Chase, 15 N. H. 9; Laconia Nat. Bank v. Lavallee, 96 N. H. 353) the conflict-of-laws point does not give me concern.
For these reasons I vote to affirm the orders of the Appellate Division, with costs, and to answer the questions certified in the negative.
Chief Judge Conway and Judges Desmond, Fuld, Van Voorhis and Burke concur with Judge Froessel; Judge Dye dissents in an opinion.
In each action: Order of the Appellate Division reversed, with costs in this court and in the Appellate Division, and the judgment of Special Term reinstated. Question certified answered in the affirmative.