Bernard Tomson, J.
In this action the plaintiff seeks to
recover an additional premium following a rating classification change made unilaterally by it during the term of an automobile liability policy and made retroactively effective as of the date of the issuance of the policy.
*406 The testimony revealed that on June 30, 1961, pursuant to the New York Automobile Assigned Risk Plan, a liability policy was issued to the defendant, who at that time, was unmarried. In April, 1962, she married an individual who was under 25 years of age. It was developed at the trial that during the life of the policy (from June, 1961 to June, 1962 when the policy was cancelled) he had available and used an automobile other than the insured vehicle, except on three or four occasions when he drove the insured’is automobile.
At the conclusion of the trial, the court was asked to take judicial notice of the form of the policy sued on (the original was not marked in evidence), as it is to be “found in the Insurance Law ’ ’.
An examination of the Insurance Law does not reveal a form of policy, although there is a section which deals with standard provisions for liability insurance (§ 167). It would appear that the issue may only be resolved by reference to an Autombile Casualty Manual, effective March 1, 1961, filed with the Superintendent of Insurance of the State of New York, pursuant to section 184 of the Insurance Law, which provides for his approval of filed rates. The court may therefore take judicial notice of the provisions of the manual (Civ. Prac. Act, § 344-a, subd. 4).
Rule 23 of the manual delineates the classification of insured automobiles which in turn, controls the premium charged. As far as applicable, it reads as follows :
Rule 23 — Private Passenger Automobile Classifications — A. Private passenger automobiles owned by an individual or by husband and wife resident in the same household shall be classified as follows:
1A. There is no male operator under 25 years of age, the automobile is not used for business nor is it driven to or from work.
fc # #
2A. There are one or more male operators under 25 years of age and each such male operator is either (1) married or (2) not an owner or principal operator of the automobile.
* » #
Section E
1. “Male operator under 25 years of age” means a male applicant under 25 years of age or any other male operator of the automobile under 25 years of age resident in the same household as the applicant or who customarily operates the automobile.
# #
b. If there are two or more private passenger automobiles in the same household as the applicant, the rating elements of this rule shall be applied separately to the number of automobiles equal to the number of male operators thereof under 25 years of age. The age of the male operator shall be disregarded for the purpose of rating the automobiles in excess of the number of such operators.
*407 The language of the manual, although perhaps crystal clear to the insurance fraternity, appears fuzzy to the uninitiated. We are not favored here by any testimony which would be helpful in the determination of any obscurities in the language. Reliance, therefore, must be placed on such principles of construction as are found in the authorities. It appears well settled that the policy is to be construed in favor of the assured in the resolution of ambiguities. Thus, in Fox v. Employers’ Liab. Assur. Corp. (239 App. Div. 671, 673) the court, in discussing an automobile liability policy, said: “ Under well-settled principles of construction the provisions of such a policy are construed favorably to the insured and against the insurance company in all matters of doubt as to their true moaning (See, also, Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442, 450; D’Agostino Excavators v. Globe Ind. Co., 7 A D 2d 483; Greaves v. Public Serv. Mut. Ins. Co., 4 A D 2d 609, affd. 5 N Y 2d 120; 13 Appleman, Insurance Law and Practice, § 7482 et seq.)
If this principle of construction is applied, it would appear that an interpretation favoring the defendant insured, would result in classifying one of the two “private passenger automobiles in the same household ” as “ 1A ’ ’ and the other as “ 2A ”.
On the issues here, the burden of proof is, as it is usually, on the plaintiff. “ Burden of proof, generally— Generally speaking, for insurance purposes, the party averring a particular fact or state of facts, upon which reliance is necessarily placed, has the burden of establishing the same ”. (8 Couch, Cyclopedia of Insurance Law [1st ed.], § 2172.)
In D’Agostino Excavators v. Globe Ind. Co. (supra, p. 485) the Appellate Division, First Department stated the rule thus:. “ The policy having been written by the appellant insurer, it has not met the burden of establishing not only that the exclusion is susceptible of the construction urged by it but that it is the only construction that can be fairly placed thereon. (Bronx Sav. Bank v. Weigandt [1 N Y 2d 545, 551-552]; Hartol Prods. Corp. v. Prudential Ins. Co. 290 N. Y. 44, 49.) ” (See, also,. 13-14 Huddy, Cyclopedia of Automobile Law [9th ed.], § 395.)
It would appear that the plaintiff has not sustained the burden of proof placed on it, and judgment is directed to be entered for the defendant.