Bernard Tomson, J.
The plaintiff sues to recover under the provisions of a “ Major Medical Policy ” for the cost of a surgical procedure performed on his wife.
As far as applicable, the policy, which permits recovery for “ Eligible Expenses ” provides:
“Eligible Expenses — Eligible Expenses shall include the charges incurred '
“ a. for medical treatment by a licensed physician or surgeon * * * provided that Eligible Expenses shall not include * * #
“ (2) any excess of charges over the usual and customary charges for such services or supplies ”.
There was introduced in evidence without objection the surgeon’s bill in the amount of $750 with the notation, “ Received Payment In Full,” and the claim or “ Application For Benefits ” to which is attached the defendant’s form which was subscribed by the surgeon, Dr. Frank E. Adair, entitled “ Attending Physician’s Statement ”. Among other matters, the “ statement ” described the nature of the surgical procedure, the details of treatment and the “ Charge for this procedure.”
Also introduced in evidence without objection was a letter sent by the defendant to the plaintiff, which read:
*309 Dear Mr.-,
We have now been able to review the Doctors Hospital operative record with our New York Medical Referee.
We both readily recognize that Dr. Frank Adair is the Dean of Surgeons in this field and accordingly his charges will reflect his ability and skill, however, it is not the intent of the Major Medical contract, under covered expenses, to always cover, in its entirety, the total charge rendered by the surgeon. Under your Major Medical policy we use the term ‘ usual and customary ’ in relation to the charge of the physician but this interpretation is that charge which we will accept for that procedure in a given area.
We have therefore carefully reviewed this claim to make certain that we were being as fair as possible in our judgment and we have concluded that a surgical charge of $500.00, or 80% in so far as payment is concerned, would be in order, and we are herewith enclosing our cheek for that amount.
Should there be any further expenses incurred for additional care for your wife, would you please submit them for our attention..
Thank you for your cooperation.
Very truly yours,
Otto Hartig
Claim Representative
It is obvious that the phrase “ usual and customary charges ” without further qualification is ambiguous and requires interpretation. It may relate to the usual and customary charges of the surgeon or the usual and customary charges of surgeons in the community, or (to quote the letter supra) “ in a given area ”. Since such ambiguity must be construed favorable to the insured and against the insurance company (Fox v. Employers’ Liab. Assur. Corp., 239 App. D-iv. 671, 673) the ambiguity must be resolved as to require a holding that the bill rendered by Dr. Adair fell within the coverage of the policy as his usual and customary charge.
In D’Agostino Excavators v. Globe Ind. Co. (7 A D 2d 483, 485) the court stated the rule thus: “ The policy having been written by the appellant insurer, it has not met the burden of establishing not only that the exclusion is susceptible of the construction urged by it but that it is the only construction that can be fairly placed thereon.”
In any event, in Bronx Sav. Bank v. Weigandt (1 N Y 2d 545, 551-552) the Court of Appeals said: “ ‘ But insurance contracts, above all others, should be clear and explicit in their terms. They should not be couched in language as to the construction of which lawyers and courts may honestly differ. In a word, they should be so plain and unambiguous that men of average intelligence who invest in these contracts may know and understand their meaning and import ’ (Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 577-578). ‘ The question is simply whether the average man in applying for insurance and reading *310 the language of this policy at the time it was written would ascribe the meaning to that language which the insurance company here urges ’ (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 50). It is not enough if the appellant might have so construed it, provided it could reasonably be construed otherwise. To sustain the construction urged, the insurer has the burden of establishing that 1 the words and expressions used not only are susceptible of that construction but that it is the only construction that can fairly be placed thereon.’ (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49, supra.) ”
It was incumbent on the defendant to support its burden of proving the exception on which it relies. There was no proof presented as to what the “ usual and customary charges for such services and supplies” were in the community, or that Dr. Adair’s charge was not “ usual and customary ” for him or for other surgeons. Absent such proof, the plaintiff here must recover.
For a discussion of the rules relating to the resolution of ambiguities in insurance policies and burden of proof, see, also, National Sur. Corp. v. Ohms (39 Misc 2d 405) and cases there cited. (See, also, 29 N. Y. Jur., Insurance, § 623; 46 O. J. S., Insurance, §§ 1316, 1318, 1321, and cases there collected.)
Judgment is directed to be entered as demanded in the complaint.