**COMMERCIAL UNION INSURANCE COMPANY, Defendant, Appellant,**

**v.**

**Jose GONZALEZ RIVERA et al., Plaintiffs, Appellees.**

**No. 6613.**

United States Court of Appeals First Circuit.

March 25, 1966.

C. A. Romero Barcelo, San Juan, P. R., with whom Segurola, Romero & Toledo, San Juan, P. R., was on brief, for appellant.

F. Fernandez Cuyar, San Juan, P. R., with whom Rafael A. Gonzalez, J. Cordova Rivera and J. Cordova Mercado, Arecibo, P. R., were on brief, for appellees.

Before ALDRICH, Chief Judge, and MARIS* and McENTEE, Circuit Judges.

McENTEE, Circuit Judge.

This is a diversity suit for damages based on negligence of the defendant's insured as a result of which plaintiff, Don Jose Gonzalez Rivera, was injured. The evidence shows that on December 27, 1963, Don Jose, while walking along

* Sitting by designation.

a certain sidewalk in Areciba, Puerto Rico, slipped and fell on a greasy and slippery substance which the defendant's insured had negligently deposited on or had allowed to flow and accumulate on said sidewalk. The foreign substance consisted of used lard and other greasy residues from insured's nearby hamburger and hot dog stand, which insured's employees had deposited on a vacant lot near that part of the sidewalk where Don Jose slipped and fell.

Plaintiff, Don Jose, claims that the negligence of the defendant's insured was the proximate cause of his fall; that as a result of this fall he sustained serious permanent injuries, including brain damage which required extensive surgery, severe pain and suffering, and also sustained a substantial loss of earnings and the loss of his business.

In the same action his wife made claim against the defendant for loss of companionship and consortion and for mental pain and suffering. Plaintiff Don Jose's four children, Luz Selenia, Rafael, Jose and Gladys Gonzalez, all of legal age at the time of trial, also joined in the suit, making claim for their mental pain and suffering as a result of their father's injuries. None of these children lived with or were dependent upon the plaintiff Don Jose, for support.

The court originally assigned this case for trial by a jury to July 20, 1965, but on April 9, 1965, advanced the trial date to May 4, 1965. A few days before trial the defendant moved for a continuance on the ground that it did not have sufficient time to prepare its case properly for trial on May 4th. The court denied the motion. This motion was renewed on the opening day of the trial and was again denied. After a trial on the merits, the jury returned a verdict for the plaintiffs and assessed their damages as follows: $37,500 for Don Jose; $15,000 for his wife; $12,500 for Luz Selenia[1] and $7,500 each for the other three children.

■ Defendant's first assignment of error is that the trial court erred in denying its motion for a continuance. Such motions are addressed to the sound discretion of the court and a trial court's refusal to grant a continuance will not be disturbed on appeal unless abuse of discretion is shown. Grunewald v. Missouri Pacific Railroad Company, 331 F. 2d 983, 986 (8th Cir. 1964); McDonnell v. Tabah, 297 F.2d 731, 733 (2d Cir. 1961).

■ As to defendant's contention that it did not have enough time to prepare properly for trial on May 4, 1965,[2] we note that the complaint in this case was filed on August 5, 1964, and answered on October 16, 1964. Defendant then waited nearly five months before initiating its discovery process. Thereafter, more than forty days elapsed before the defendant filed its interrogatories. It is apparent, therefore, that the defendant had ample time to prepare properly for trial on May 4, 1965, and we cannot say the trial court abused its discretion in denying defendant's motions for a continuance.

■ The primary question raised by this appeal is whether the children of the injured plaintiff have a cause of action under Puerto Rican law to recover damages for their mental or moral suffering as a result of the injuries sustained by their father. It is well settled that the legal source of tort liability in Puerto Rico is Section 1802 of the Civil Code which, insofar as it is applicable to this

1. As a result of his accident, Don Jose incurred medical, special nursing and hospital expenses of $4,220.80, which were paid by his daughter, Luz Selenia.

2. Defendant claims it did not learn of a second fall sustained by the plaintiff on February 4, 1964 in his doctor's office, until after it received plaintiff's answers to its interrogatories a few days before the trial and did not have sufficient time to investigate the causal relationship of said fall to the alleged injuries. Also that it did not have sufficient time before trial to have certain psychometric tests performed on the plaintiff in order to properly evaluate his condition after the accident.

case, reads as follows: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. * * *" 31 L.P.R.A. § 5141.

It is undisputed that children may recover damages for mental suffering and anguish in cases involving the wrongful death of a parent.[3] See Matilde Colon vda. Davila et al. v. P. R. Water Resources Authority, No. R–62–93, Supreme Court of Puerto Rico, May 7, 1964 (not yet officially reported in English). The defendant claims that such damages are not recoverable in personal injury cases where death has not resulted. However, in a recent case decided by the Supreme Court of Puerto Rico, Santiago Perez Gonzalez et al. v. Manuel Vazqueztell Perez et al., No. 443, September 28, 1962 (not yet officially reported in English), the court affirmed judgments in favor of a father, his wife and two sons and a daughter in circumstances identical to those in the instant case, where the father had suffered personal injuries but not death. See also Ramon Merced et al. v. Government of The Capital of Puerto Rico et al., 85 P.R.R. 530 (1962), where the Supreme Court permitted parents to recover damages for mental suffering caused by injuries to their child.

■ Moreover, we do not accept the distinction made by the defendant between wrongful death cases and personal injury cases insofar as resultant mental suffering and anguish of sons and daughters are concerned. It is obvious that a severe personal injury to a father, resulting in lifetime disability such as paralysis or brain damage, can often cause more intense and enduring mental anguish and suffering to his son or daughter than would his death. Neither Section 1802 nor the Puerto Rico decisions appear to limit the right to re-cover damages for mental suffering to death cases only. Under the broad, general language of Section 1802, ("A person who * * * causes *damage* to *another*,") it is for the Puerto Rican courts to determine on a case to case basis what interests are entitled to juridical protection. The case law in this regard "has already assumed a sufficiently clear and definite position which follows the more liberal and at the same time the more just aspects of the doctrine." Correa v. P. R. Water Resources Authority, 83 P.R.R. 139, 143 (1961). The court went on to say at p. 153: "* * * we are not inclined to establish as a general rule of law—with complete abstraction of the facts and circumstances involved in each case—a restrictual and exclusive criterion as to who may claim within the juridical scope of said section." [1802]

■ From a review of the Correa decision and the other cases cited herein, it is clear that under Puerto Rican law the sons and daughters of the plaintiff, Don Jose, who was injured as a result of the wrongful act of the defendant, have a right of action for mental suffering, anguish and anxiety caused to them by reason of their father's injuries. In other words, sons and daughters have a sufficiently close relationship to their injured father to come within the scope of the term "another" as used in Section 1802; and their resulting mental pain, suffering and anguish are recognized as an element of damages. Correa v. P. R. Water Resources Authority, supra, at 148; Vazquez v. People, 76 P.R.R. 556 (1954); Travieso v. Del Toro, 74 P.R.R. 940 (1953).

■ As a further argument in support of their contention that these sons and daughters cannot recover, defendant claims that such awards are contrary to the specific terms of its insurance pol-

---

3. In wrongful death cases the Supreme Court of Puerto Rico has extended recovery under Section 1802 to other persons who are not as closely related to the deceased. See Correa v. P. R. Water Resources Authority, 83 P.R.R. 139 (1961) (concubines); Andres Cirino etc. v. P. R. Water Resources Authority, R–63–70 December 29, 1964 (not yet officially reported in English) (brothers and sisters).

icy.[4] The obligation of the insurer here is to pay *all* sums the insured shall become legally obligated to pay as damages. It is admitted that the insured is legally obligated to pay compensation to the plaintiff, Don Jose, and to his wife for injuries suffered by said plaintiff, and under our holding in this case and the cases cited herein, is also legally obligated to pay compensation to the sons and daughters as well. It has been held that an insurance policy obligating the insurer to pay any loss for liability for bodily injuries also includes liability for consequential damages. See 8 Appleman, Insurance Law and Practice, § 4893 (1962); United States Fidelity & Guaranty Co. v. Shrigley, 26 F.Supp. 625, 628 (W.D.Ark.1939).

Nor do we find any merit in the defendant's claim that the damages awarded to the sons and daughters were excessive. The reasonableness of these awards was challenged before the trial court in defendant's motion for a new trial which was denied. It is well settled that "the question of excessiveness of a verdict is primarily for the trial court, and its determination thereof will not be reversed on appeal except for manifest abuse of discretion." Dubrock v. Interstate Motor Freight System, 143 F.2d 304, 307 (3d Cir. 1944). We are reluctant to overturn jury verdicts on the ground of excessiveness, since the trial court has had the benefit of hearing the testimony and of observing the demeanor of the witnesses and also knows the community and its standards. Solomon Dehydrating Company v. Guyton, 294 F.2d 439, 447 (8th Cir. 1961). The record indicates that the sons and daughters here suffered much more than mere transient or passing sorrow as contended by the defendant. We cannot say the trial court abused its discretion in upholding the verdicts in their favor.

Defendant also contends that the trial court erred in instructing the jury to make an award for loss of earnings. It claims that there is not sufficient evidence to warrant any award to Don Jose for such loss. The record does not support this contention. The plaintiff, Don Jose, testified that prior to the accident he was an established merchant in Arecibo, where he operated a profitable vegetable and grocery business for more than twenty-five years; that just before the accident his gross income was about $175 to $200 per week; that he has been unable to return to work and could not continue his business because of the accident; that in his absence so much money was lost that the business had to be liquidated; and that at the time of the trial his only income was derived from social security payments. His wife also testified that prior to the accident, Don Jose paid all the expenses of the household and that his business establishment had to be sold while he was in the hospital. Finally, there was medical testimony that Don Jose was in good health before the accident and that his complaints of headaches, dizzy spells and inability to concentrate and pursue his occupation after the accident were justified.[5] Such being the state of the record, the district court properly instructed the jury to consider the plaintiff's loss of earnings and future loss of earnings in making an award. We do not agree wtih the defendant's contention that the evidence enumerated above was insufficient and that absent more precise data on plaintiff's earnings, the jury could only speculate.[6]

4. "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

5. Dr. de Choudens, who performed the brain surgery on the plaintiff, testified that in spite of all surgery and treatments the plaintiff's dizziness, headaches, poor memory and nervousness had not disappeared and his physical activity and tolerance for emotional stress was very low.

6. It should be noted here that the trial court specifically instructed the jury that they were not permitted to award speculative damages.

The plaintiff was not required to offer his books and records into evidence to prove loss, Christian v. The Hertz Corporation, 313 F.2d 174, 175 (7th Cir. 1963), and his loss of wages, although an approximation thereof, was competent evidence to aid the jury in arriving at a fair and just award. Cf. Phoenix Indemnity Co. v. Givens, 263 F.2d 858, 863 (5th Cir. 1959).

All other points raised by the defendant have been considered and have been found to be without merit.

Affirmed.