OPINION OF THE COURT
Lee L. Holzman, J.
This is an application by the administratrix to remove the *94 restrictions contained in her limited letters of administration so that she may collect and distribute the settlement proceeds of $150,000 from a cause of action under section 8-b of the Court of Claims Act for the decedent’s unjust conviction and imprisonment. The novel issue presented is whether a claim for unjust conviction and imprisonment is a cause of action for “personal injury” under rule 603.7 (e) of the Rules of the Appellate Division, First Department (22 NYCRR 603.7 [e]). Counsel argues that a claim for unjust conviction and imprisonment is not covered by the rule which limits counsel’s compensation to one third of the recovery and that his firm is entitled to be compensated in accord with its retainer agreement in an amount equal to 50% of the recovery.
The decedent was tried for homicide three times. After his first two convictions were reversed on appeal, he was found not guilty in the third trial. The convictions resulted in his incarceration for approximately 10 years and were the basis for the recovery. The decedent’s distributees are his spouse and four children, all of whom consent to the granting of the application.
Counsel notes that the provisions of section 8-b of the Court of Claims Act reflect that it is remedial in nature in that it states that the “legislature finds * * * that innocent persons who have been wrongly convicted of crimes and * * * imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies” (Court of Claims Act § 8-b [1]). One of the remedies provided by the statute is to allow a recovery where the claimant has been imprisoned as a result of a judgment of conviction which was thereafter reversed and the claimant found not guilty after the new trial (Court of Claims Act § 8-b [5]). Counsel argues that the remedial nature of the statute reflects a legislative intent to make it easier for claimants to prosecute their claims for unjust conviction and imprisonment and that attorneys would be more likely to undertake these difficult cases if they are permitted greater compensation than that provided by the Appellate Division rule. The court does not agree that the Court of Claims Act should be so construed. Section 8-b was not enacted to provide greater compensation for attorneys with the concomitant result that the claimants would receive a smaller share of the recovery. Instead, the remedy provided to assist claimants was *95 to set forth criteria for a recovery which would be easier to establish than negligence on behalf of the government. This case is a classic illustration of the ease with which claimants may establish their claims. Specifically, it appears that it would not have been unduly difficult for the decedent to establish that he met the statutory standard of having been imprisoned for a crime for which a not guilty verdict was rendered after his conviction had been reversed and another trial was ultimately held.
Rule 603.7 (e) of the Appellate Division, First Department, provides that “[i]n any claim or action for personal injury or wrongful death, other than one alleging medical, dental or podiatric malpractice,” the contingent fee agreement shall not exceed either an amount calculated pursuant to a sliding scale as set forth in schedule A or an amount equal to one third of the recovery. Section 37-a of the General Construction Law provides that “ ‘personal injury’ includes libel, slander and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another.” As a general rule, unless a different definition of “personal injury” is contained in any provision of the law, that phrase or words of like import are to be construed in harmony with the definition contained in the General Construction Law (Brustein v New Amsterdam Cas. Co., 255 NY 137). Consequently, the phrase “personal injury” action in rule 603.7 (e) of the Appellate Division, First Department, is to be construed to include actions sounding in false imprisonment or other actionable injury to the person either of the plaintiff or another. The decedent’s claim for unjust conviction and imprisonment falls within the definition of other actionable injury to his person. The decedent’s claim is clearly analogous to an action sounding in false imprisonment inasmuch as the injury to the claimant is the same, deprivation of liberty, regardless of whether the action is a common-law action for false imprisonment or a claim for unjust conviction and imprisonment under the Court of Claims Act.
Accordingly, the court holds that a recovery for unjust conviction and imprisonment is a recovery for a personal injury and is subject to the maximum contingent fee allowed under the rules of the Appellate Division. The maximum fee that is allowed is a one-third share. However, inasmuch as this appears to be a case of first impression, if counsel desires to seek an appellate determination, the decree to be entered herein may provide that the difference between one third and one half may *96 be held in escrow by counsel until such time as the appeal has been adjudicated. The net proceeds available for distribution shall be distributed pursuant to the stipulation of the decedent’s distributees, his spouse, and four adult children.